WILHELMINA GILLESPIE v. STATE OF MISSISSIPPI.

[51 South. 811.]

CRIMINAL LAW AND PROCEDURE. *Unlawful sale of intoxicating liquors. Evidence. Presumption. Code* 1906, § 1747. *Laws* 1908, *ch.* 115, *p.* 116.

Under Code 1906, § 1747, as amended Laws 1908, ch. 115, p. 116, making the possession of appliances adapted to the retailing of intoxicating liquors presumptive evidence that the person having the possession of the same had been unlawfully selling such liquors, a conviction predicated of the presumption will not be vacated in the absence of explanatory evidence.

FROM the circuit court of, first district, Hinds county.

HON. WILEY H. POTTER, Judge.

Madame Gillespie, appellant, was indicted, and tried for and convicted of unlawfully selling intoxicating liquors and appealed to the supreme court. The facts are sufficiently stated in the opinion of the court.

*Robert P. Thompson,* for appellant.

Appellant was indicted for unlawfully selling intoxicating liquors; she was convicted upon testimony showing nothing more than that she was found in possession of appliances adapted to the dram-shop business. The Statute Laws 1908, ch. 115, p. 116, sec. 1747, makes the facts proved presumptive evidence "that the person owning or controlling such * * * appliances, * * * is engaged in keeping for sale * * * *or* in selling * * * intoxicating liquors contrary to law."

The presumption is not that she was keeping the liquors for sale *and* selling them, but that she was doing *one or the other* of the two things, both of which are misdemeanors. The word "or" is said to be the most equivocal word in the English language and its use is discountenanced, if not prohibited, in criminal pleadings.

If the presumption be that the good woman was engaged in keeping intoxicating liquors for sale, she could not be convicted under the indictment on which she was tried. What was the presumption? This court cannot say, nor could the trial court rightfully have said, because the law has not specified as between the two separate and distinct things, both of which are crimes.

"Or" never means "and," but each is often mistakenly used for the other. *Warren County v. Boolhe,* 81 Miss. 267. Criminal statutes are to be strictly construed and there is no warrant for claiming that the word "or" was mistakenly used for "and" in the statute under consideration. The legislature did not intend to relieve the state from showing, in cases like this, something more than the possession of the appliances; something more had to be shown in order to exclude one of the presumptions and make the other applicable. Unless the state showed something more the statute could not be invoked, and the case stood just as if the statute had never been passed.

A presumption that defendant was guilty of the crime charged *or* of some other crime can never prove guilt of the crime charged beyond all reasonable doubt. Such a presumption is too uncertain to uphold a conviction for crime. This court cannot from this record adjudge that the presumption was that Madame Gillespie sold intoxicating liquors, since the statute just as effectually makes the presumption that she kept such liquors for sale. It does not create a presumption that she did both.

Presumptions cannot prove crime any more effectually than admitted facts. If it had been admitted on the trial that the woman had kept intoxicating liquors for sale *or* had sold such liquor, she could not have been convicted in the absence of evidence showing which of the two crimes had been committed by her. While all good men abhor both crimes, and all crimes, we should not lose sight of fundamental principles.

*George Butler,* assistant attorney-general, for appellee.

The word "or" in the statute means "and," otherwise the whole legislative intent miscarried. It will be noted that the instruction required as a condition to a conviction the jury to believe from the evidence beyond doubt that appellant had sold the intoxicants. Responding to the instruction the jury convicted. This court cannot, in the face of the statute, vacate the verdict. 4 Wigmore's Evidence, p. 3534, sec. 2491.

MAYES, J., delivered the opinion of the court.

Under section 1747, c. 115, p. 117, of the Acts of 1908, the verdict of the jury was fully warranted by the proven facts. This section provides, among other things, that the fact that any person has in his possession appliances adapted to retailing liquors shall be presumptive evidence that the person owning or controlling the appliances is engaged in selling or bartering intoxicating liquors in violation of the law. The above proof was made before the jury, and the court then instructed that if the jury believed from the evidence beyond a reasonable doubt that defendant was found in possession of appliances which she owned or controlled, and that these appliances were adapted to retailing, then this proof was presumptive evidence that she was selling liquor unlawfully, and if the jury believed from the evidence and beyond a reasonable doubt that defendant did sell the liquors as charged in the indictment, then they should convict. The requirements of this statute, both as to proof under it and as to the law applicable under this proof, were observed in every parrticular. The defendant offered no proof whatever to rebut the presumption of law arising from the proof of the above facts, and, if the jury believed that the appliances were found as testified to, then there was nothing for them to do but convict. It may have been that the mere denial by defendant that she had unlawfully sold intoxicating liquors, on the facts in this record, would have been sufficient.

to overcome this presumption; but, in the absence of any proof in denial of the charge, the conviction must stand. . As Mr. Wigmore says, in his valuable treatise, on this very question of presumption: "The peculiar effect of a presumption of law is merely to invoke a rule of law compelling the jury to reach the conclusion in the absence of evidence to the contrary from the opponent. If the opponent does offer evidence to the contrary, the presumption disappears as a rule of law, and the case is in the jury's hands free from any rule." 4 Wigmore's Evidence, p. 3534, § 2491.

Although this conviction is had in the face of a record containing no direct proof that appellant did unlawfully sell intoxicating liquors, it does contain such proof as the law says shall constitute, in the absence of any opposing testimony, presumptive evidence of guilt, and in this condition the court is bound to affirm.                             *Affirmed.*

After the delivery of the foregoing opinion counsel for appellant, *Robert P. Thompson* and *Hallam & Cooper,* filed a suggestion of error, urging that the statute, Laws 1908, ch. 115, p. 116, sec. 1747, was unconstitutional as depriving appellant of due process of law, since it denies a defendant the benefit of the presumption of innocence; takes from the jury the right to determine the facts and encroaches upon the judicial department of the government.

*J. B. Stirling,* attorney-general, for appellee, answered to the suggestion of error, citing *Belcher v. Mhoon,* 47 Miss. 613; *State v. Thomas,* 144 Ala. 77, 6 Am. & Eng. Ann. Cases, 744 and note; *People v. Cannon,* 36 Am. St. Rep. 668.

Mayes, J., delivered the following response to the suggestion of error.

The constitutionality of acts similar to the one involved in this cause is discussed in the case of *People v. Cannon,* 139·

N. Y. 32, 34 N. E. 759, 36 Am. St. Rep. 668, and in a note to be found in 6 Am. & Eng. Ann. Cas. 746, 747. The great weight of authority sustains the validity of this law, free from constitutional objection. That there are limits on the power of the Legislature to enact statutes making certain facts *prima facie* evidence of other facts is well recognized by all authorities. What these limitations are need not be attempted to be stated here, but in the authorities cited above will be found a well-stated rule on this subject.

*Suggestion of error is overruled.*