EASTMAN, GARDINER & CO. v. SUMRALL.

(Division A. March 30, 1931.)

[133 So. 212. No. 29221.].

T. J. Wills, of Hattiesburg, for appellant.

Rawls & Hathorn, of Columbia, for appellee.

Argued orally by **T. J. Wills**, for appellant and by **C. V. Hathorn** for appellee.

**McGowen, J.,** delivered the opinion of the court.

The appellee, Mrs. R. F. Sumrall, filed her declaration against appellant, Eastman, Gardiner & Co., for personal injuries received by her at the intersection of a street and a railroad in Laurel, Mississippi, alleging that,

at the time Eastman, Gardiner & Co. were operating a logging train on a line of railroad drawn by a locomotive propelled by steam.

The facts sufficient to understand the decision in this case will be stated briefly. Mrs. Sumrall and her husband, while sleeping at eleven thirty p. m., were awakened and advised that their grandchild was dying at a local hospital in Laurel, Mississippi, and at once started to the hospital in a Ford car, and it was necessary for them to cross the railroad at Fifteenth avenue. As they proceeded toward the railroad track on said avenue the grade was downward. When they were within seven hundred feet from the crossing, the husband, who was driving the car, heard the exhaust of an engine west of the crossing. They drove down this avenue at the rate of twenty to twenty-five miles until they came to within about sixty-feet of the crossing, when they halted the car and looked, but did not see the skeleton cars then moving over the crossing drawn by an engine going west, the train being about one thousand seven hundred feet long. After stopping, they started again, and, when within three or four feet of said train, discovered that a log train was then and there moving on the track on the street crossing, and that, immediately the driver applied the brakes and stopped the car again, before it had struck, or run into, said log cars. That, after two or three skeleton cars had passed, something protruding from the train struck the automobile, carrying it onward in the direction of the train, turning it over, and injuring appellee.

One witness, W. W. Davis, for appellee, who was on the street crossing one block east, said he saw something protruding from the train, extending about the length of a man's arm, and when it reached the crossing below, he saw a car standing still, and then saw the car's lights moving with the train.

The railroad company introduced some evidence to contradict this witness, likewise as to statements made out of court by the appellee's husband, and also introduced evidence to show that immediately before, and just after the accident, the train had been inspected and was in normal good condition, nothing protruding, and no evidence of any external force or object calculated to produce injury.

There was much evidence, but we state only this in order to show that the facts of the injury were developed and submitted to the jury.

It is argued here by the appellant, the railroad company, that it was entitled to the peremptory instruction requested, which was refused by the court.

The statement of facts which we have outlined showed that an issue of fact was raised, and it is not for us to pass upon the weight of the evidence where there is a conflict of facts, nor would we feel warranted in rejecting the testimony of the witness, Davis.

At the instance of the appellee, Mrs. R. F. Sumrall, the court granted an instruction invoking the prima facie statute (Code 1930, section 1580). In one of the instructions, after invoking this statute, the jury were told that the facts and circumstances of the accident must be clearly shown, "and the facts, so proven, must exonerate the railroad company from negligence; and if the facts be not proven, and the attendant circumstances of the accident remain doubtful, after hearing and considering all the proven facts and circumstances, the defendant, Eastman, Gardiner & Co., is not relieved from liability, and you should find for the plaintiff."

Aside from the error in invoking the prima facie statute at all, this instruction runs counter to the announcement in the case of Alabama G. S. R. Co. v. Daniell, 108 Miss. 358, 66 So. 730. It was reversible error, as the court now construes the law, to have rendered at all an instruction invoking the prima facie statute.

I am directed by the court to say that this case is controlled by the case of N. O. & G. N. R. Co. v. G. W. Walden. (Miss.), 133 So. 241, and, in conformity with the holding in that case, the case at bar must be reversed and remanded for another trial.

The writer of this opinion desires to say that it is the irony of fate that it should become his duty to write an opinion, for the first time, applying the rule announced in the Walden case to which this writer dissented. The Walden case changes the rule of construction of our prima facie statute, and, as it was my duty, prior to its decision, to follow the rule theretofore announced, it is now incumbent upon me to abide the decision of a majority of this court.

There are other assignments of error which we do not consider for the reason that it is most likely they will not arise upon another trial of this case.

Reversed and remanded.