## ADAMS-NEWELL LUMBER CO. *v.* JONES.

(Division A. Jan. 25, 1932. Suggestion of Error Overruled Feb. 8, 1932.)

[139 So. 315. No. 29753.]

Richardson, Pierce & Sanford, of Philadelphia, for appellant.

**Williamson & Clayton** and **Nate S. Williamson,** all of Meridian, for appellee.

McGowen, J., delivered the opinion of the court.

The Adams-Newell Lumber Company appeals from a judgment of the circuit court of Neshoba county rendered upon a verdict of a jury awarding the appellee, Jones, damages in the sum of one hundred fifty dollars for a milch cow alleged to have been killed by a log train.

The declaration in this case, among other things, alleged that the appellant, while operating a train of cars on a railroad drawn by an engine propelled by steam, negligently killed a milch cow of the value of one hundred fifty dollars. The declaration also alleged that servants of the company killed the cow under such circumstances as to amount to willful wrong and gross negligence, and sued for the sum of two thousand seven hundred and fifty dollars punitive and other damages.

By instruction, the court submitted the question of punitive damages to the jury, but such damages were not allowed.

On the facts, two witnesses testified positively and in detail that they saw the cow in controversy killed by the engine of the appellant; that the track was straight and level at the point for a long distance; and that the engineer was looking directly at the cow for a long time before it was struck while grazing, knocked off, and killed.

For the defendant railroad company, it was shown by many witnesses that the train in question did not kill the cow; that the body of the cow was not at that point at the time the train passed; and that no train was operated from that time until the dead cow was found in the ditch the following morning.

The appellee's witnesses testified that there were scars and bruises on the cow, and cow's hair on the track. The appellant's witnesses testified to the contrary.

It will be seen from this statement of facts that there was conflicting testimony which was properly submitted to jury as to whether or not the train of the appellant struck and killed the cow.

The first assignment of error argued and presented here is that the court erred in declining to overrule the appellant's motion to dismiss the cause for want of jurisdiction, it being alleged in the motion that the only sum honestly demanded was one hundred fifty dollars, less than two hundred dollars, and not within the original jurisdiction of the circuit court. There is no merit in this assignment, for the reason that the declaration not only sought to recover the value of the cow, but also punitive damages in the sum of two thousand seven hundred fifty dollars. In addition to this, the appellant's motion was not disposed of by the court, and does not appear by this record to have been presented and ruled upon. There is no order in this record.

It is next insisted that the court erred in granting to the plaintiff the following instruction: "The court instructs the jury for the plaintiff that in all actions against corporations using engines, locomotives and cars propelled by the dangerous agency of steam and running on tracks, for damages done to personal property, proof of injury inflicted by the running of the engine, locomotives and cars of any such corporation is prima facie evidence of the want of reasonable skill and care of such corporation in reference to such injury."

The instruction invokes the prima facie statute, section 1580, Code of 1930.

We are of opinion that the giving of this instruction was reversible error under the authority of New Orleans & G. N. R. R. Co. v. Walden, 160 Miss. 102, 133 So. 241, 246, for the reason that the facts in this case do not make it an exceptional one; the appellee's evidence disclosing the facts and circumstances in particular detail. Neither does the case fall within the rule announced in the case of New Orleans, M. & C. R. R. Co. v. Harrison, 105 Miss. 18, 61 So. 655. In the Walden case, supra, this court announced that: "There may be cases in which the statutory presumption controls, although rebutting evidence has been given by the defendant; for example, when the plaintiff's evidence does not disclose the facts and circumstances of his injury, and the jury has the right to, and does, reject the defendant's rebutting evidence."

The jury, in the case at bar, did not reject the evidence of the appellee, but adopted it as reflected by the verdict herein.

There is no merit in the contention of the appellee that notwithstanding this erroneous instruction, this case should not be reversed because the appellee was entitled to a peremptory instruction.

Reversed and remanded.