LOUISVILLE & N. R. Co. v. CUEVAS.

(Division B. Feb. 1, 1932.)

[139 So. 397. No. 29748.]

Smith & Johnston, of Mobile, Alabama, for appellant.

Gex & Gex, of Bay St. Louis, for appellee.

Griffith, J., delivered the opinion of the court.

Appellee, in attempting to cross the railroad tracks of appellant at a public highway crossing, was struck by a locomotive and injured. All the facts and circumstances of the occurrence were produced in evidence by numerous witnesses for both sides, but the evidence was conflicting on every material fact and circumstance. The case was tried before the publication of the opinion of this court in Railroad Co. v. Walden, 160 Miss. 102, 133 So. 241, and the trial judge, following the previous holdings of this court, granted unto plaintiff the following instructions bearing upon the so-called "prima facie evidence" statute (Code 1930, section 1580) :

"The court instructs the jury for the plaintiff that if the plaintiff has proven by the preponderance of the evidence that he was injured by the running and operating of a train of the defendant herein, under the law, such proof is prima facie evidence that the injuries received by the plaintiff were sustained as a result of the negligence of the defendant in the operating and running of its train."

"The court instructs the jury for the plaintiff that if you believe from a preponderance of the evidence that the plaintiff herein was injured by the running and operating of a train of defendant company, if, after you have heard all the proof, you can determine therefrom whose negligence was the cause of the injury, then you must decide this case upon the facts; but if there is such a conflict of facts and theories between the testimony of plaintiff and the testimony of defendant as to prevent you from being able to determine how the injury was inflicted, then you may apply the inference of negligence against the railroad company and render a verdict for the plaintiff."

These instructions were correct according to the later decisions of this court and up to the time of the opinion in the Walden case, decided on March 23, 1931. But the observations of the court in respect to the practical effect of the use of the quoted instructions had been such as to convince the majority of the court that, where all the facts are in evidence, instructions such as these are in conflict with constitutional guaranties. The actual and practical effect of such instructions was to allow the intrusion into the deliberations of the jury, in their difficulties of solving the issues of the truth as between the animate witnesses who had testified differently in the case, but who had covered, nevertheless, all the facts in issue, of an unimpeachable inanimate witness created by legislative fiat, and who, not having been present and knowing nothing of the facts, was nevertheless thus permitted to say to the jury and to continue to urge upon them, without opportunity of cross-examination, that, regardless of what other witnesses may have said, the railroad was guilty of negligence, and that any doubt or hesitation on the part of the jury could be easily solved by relying on this inanimate and ever-present unimpeached and unimpeachable legislative witness. The ma-

jority of this court was therefore driven finally to the conclusion that this was not due process of law, and so held in the Walden case. The result is that the language used by the court in Railroad Co. v. Brown, 138 Miss. 39, 67-68, 102 So. 855, consonant with the opinion in the Walden case, states the present rule on the subject, and that the quoted instructions do not state the law, but are erroneous.

Appellee admits that the said instructions, if standing alone, would constitute reversible error; but he argues that the error has been cured, or rendered harmless, or, to use the words of appellee, has been ''entirely nullified,'' by an instruction granted at the request of appellant, which instruction is in the following words: ''The court instructs the jury that if you are reasonably satisfied that all of the facts in reference to this accident have been produced in evidence, then there is no presumption of negligence on the part of the defendant, and you should determine the question as to whether or not there was negligence from all the facts and circumstances shown by the testimony in the case.''

It is, of course, an axiom of procedure that, if the instructions are reasonably capable of reconciliation, they must all be read and construed together, each as a complement of the other or others. It is essential, however, to the application of the rule relied upon, that the instructions shall be fairly harmonious and consistent; the rule is not available if in a substantial particular the instructions are contradictory or irreconcilable, especially where, as in this case, the evidence is seriously conflicting. Chapman v. Copeland, 55 Miss. 476, 478; Branson, Inst. to Juries (2 Ed.), section 89. And the rule is not available where, as in this case, there is a positive error in an instruction, and another instruction is relied on to strike out or delete or nullify the said error, for this is to admit that the instructions are in conflict, and that it

cannot be told which of the two inharmonious instructions the jury followed.

But let us suppose that the quoted instructions are not in conflict but can be read together; then we find the following as the combined product: ''The court instructs the jury that if you are reasonably satisfied that all the facts in reference to this accident have been produced in evidence, then there is no presumption of negligence on the part of defendant, and you should determine the question as to whether or not there was negligence from all the facts and circumstances shown by the testimony in the case; but if there is such a conflict of facts and theories between the testimony of plaintiff and the testimony of defendant as to prevent you from being able to determine how the injury was inflicted, then you may apply the inference of negligence against the railroad company and render a verdict for the plaintiff.''

The record discloses, and both parties admit in their briefs, that all the facts and circumstances in reference to the occurrence in question were produced in evidence. The combined instruction told the jury, in substance and effect, that they must solve the issues upon the evidence and without the aid of any presumption, if they could do so with satisfaction to themselves; but, if they could not so do from the evidence, then they could turn to the presumption. This is exactly what the court has decided in the Walden case as being no longer the law in this state.

Reversed and remanded.