WHITE *v.* CITY OF PHILADELPHIA.

(In Banc. Oct. 23, 1944. Suggestion of Error Overruled Nov. 13, 1944.)

[19 So. (2d) 493. No. 35620.]

W. T. **Weir,** of Philadelphia, for· appellant.

Hillman & McCraw, of Philadelphia, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant was charged before the Mayor and Police Justice of the City of Philadelphia with violating a speed ordinance of the city. He was tried and convicted, and appealed to the circuit court. There was another trial in that court, resulting in his conviction and a fine of $100 and costs, from which judgment he appeals to this court. The questions of sufficient seriousness to call for discussion by the court are whether the following language of Section 8176, Vol. 6, Code of 1942, became a valid ordinance of the city by virtue of Section 8275, Vol. 6, Code of 1942, and an ordinance passed by the city under Section 3660, Vol. 3, Code of 1942; and, if so, whether the affidavit 'sufficiently charged the offense and, if it did, whether the instruction given for the city was erroneous; and whether the evidence was sufficient to convict. That part of Section 8176 involved is in this language:

"(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing.

"(b) Where no special hazard exists the following speeds shall be lawful but any speed in excess of said limits shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful:

"1. Twenty miles per hour in any business district;

"2. Twenty-five miles per hour in any resident district;

"3. Fifty-five miles per hour under other conditions. Provided however, the speed limit of trucks shall be forty miles per hour."

Section 8275 is a part of the chapter on motor vehicles as is Section 8176. It provides in part that it shall be a misdemeanor for any person to violate any of the provisions of the act unless declared to be a felony under some other statute. Section 3660 gives municipalities the authority to pass a general ordinance declaring that all offenses under the penal laws of the state which are misdemeanors shall also be offenses against the city, town or village in whose corporate limits the offense may have been committed, the punishment to be imposed by the municipality as provided in the laws of the state with regard to such offenses against the state.

We are of opinion that it is very clear that the ordinance was authorized by the statutes referred to and was therefore valid. The statute makes the prohibited speed prima facie evidence of guilt, it therefore does not exclude any valid defense which might exist.

It will be observed that Section 8176 provides that a violation of the speed limits therein prescribed shall be prima facie evidence that such speed is unlawful. The evidence in this case showed without conflict that appellant was driving more than fifty-five miles an hour, in fact, from seventy to seventy-five miles. He did not testify nor did he offer any evidence to show any justification for driving over fifty-five miles an hour.

Was his guilt established by the evidence beyond a reasonable doubt? In other words, was it necessary for the municipality to offer more than a prima facie case? We think not. Undenied by any evidence, the prima facie case became proof beyond a reasonable doubt. Although the burden of proof in a criminal case never shifts from the state, yet when a distinct substantive matter is relied on as a defense, the burden of proof rests upon the defendant. Bennett v. State, 100 Miss. 684, 56 So. 777. In Hosey v. State, 136 Miss. 5, 100 So. 577, the defendant was indicted for the unlawful sale of intoxicating liquor. He claimed immunity under Section 1792, Code of 1906, by reason of testimony forced to be given by him before the grand jury. The court held that the burden rested on the defendant to show that his testimony before the grand jury was not voluntary. The burden of proof in a criminal case is on the defendant with regard to any independent exculpatory fact. Page v. State, 160 Miss. 300, 133 So. 216. In Foster v. State, 52 Miss. 695, the decisions of the courts both ways are discussed ably and fully, and also in 32 Am. Jur. (Larceny) Sec. 140. The court held in the Foster case, quoting from the first paragraph of the syllabi (which fairly states the holding), that "the possession raises a presumption which calls upon the accused for explanation, and casts upon him the burden of accounting for the possession."

We are of opinion that the evidence was sufficient to convict. The Bennett case, supra, construed Section 1051, Code of 1906, which provides that every person having a husband or wife living, who shall marry again, except in certain cases later mentioned, shall be guilty of bigamy. The court held that the burden of proof was on the accused to prove that his second marriage was within the exceptions (Section 1052, Code 1906) and the state was not required to introduce evidence to show that the first marriage had been dissolved in order to make out a prima facie case against the defendant. And the

court further held (quoting the fifth paragraph of the syllabi), "While it is the universal rule of evidence that every person is presumed innocent until proven guilty, this presumption does not impose upon the state the burden of negativing distinct defenses, not necessarily negatived in proving the offense."

We hold that when a prima facie case is made out by the state and any defense thereto is shown by the evidence to be naturally within the personal knowledge of the defendant, then if he fails to meet the prima facie case his guilt is proven beyond a reasonable doubt. "The presumption of innocence fulfills its purpose when it requires the state to first go forward with its evidence and establish a prima facie case. Thenceforth, it is solely a question of proof and the quantum thereof." 20 Am. Jur., Evidence, Sec. 223, and cases in the notes.

The affidavit is in this language: "Before me, W. M. Prince, Mayor and Police Justice of the City of Philadelphia, Mississippi, personally appeared Hugh Barrett, who makes oath that Sam White, on or about the 25th day of September, 1943, in corporate limits of said city did wilfully and unlawfully operate and drive an automobile on and over Byrd Avenue, a public street or highway, in said city, at a high and illegal rate of speed, to-wit: At a rate of more than 55 miles per hour, contrary to the Laws and Ordinances of said City in such cases made and provided."

We are of the opinion that the affidavit was sufficient to charge the offense. The charge in substance was that appellant was running over 55 miles an hour and that the speed was unlawful.

The instruction given for the city follows:

"The Court instructs the jury for the City that if you believe from the evidence beyond reasonable doubt that the defendant Sam White, about the time testified about, unlawfully did drive an automobile on and over Byrd avenue in the City of Philadelphia, Neshoba County, Mississippi, at the rate of more than 55 miles an hour,

then you should find the defendant guilty as charged, and the form of your verdict should be: We, the jury, find the defendant guilty as charged.''

It will be seen that it told the jury that if the evidence showed beyond reasonable doubt appellant was running over 55 miles an hour and that such speed was unlawful the verdict of guilty should follow. Crowell v. State, 195 Miss. 427, 15 So. (2d) 508, is not in point. In that case the defendant was charged with the crime of knowingly receiving stolen goods. To meet the prima facie case he testified himself and put on other witnesses. The court charged the jury for the state that it devolved upon the accused to give a satisfactory explanation of his possession of the recently stolen property in order to be relieved of any inference of guilt that might be drawn against him. In that case the court held that where the prima facie case is attempted to be overcome by evidence for the defense, including that of the defendant himself, such an instruction was not proper in a case of that kind. In the present case there was no attempt by the defendant or any witness for him to overcome the prima facie case.

We are of opinion that there was no error in giving the instruction.

Affirmed.

### Dissenting Opinion.

**Alexander, J.**, delivered a dissenting opinion.

We have for ordinary travel no speed limits in this state whose violation, per se, constitutes a crime. Sections 8060 and 8179 fix limits, under special circumstances, not here involved. Section 8176 prescribes the only general requirement. It is as follows: ''No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing.'' Section 8275 makes it a misdemeanor to violate the above provision. Therefore, the misde-

meanor is driving at a speed greater than is reasonable and prudent. Section 8176 goes on thereafter to set out rules of evidence, one of which is that a rate over fifty-five miles is prima facie evidence of unreasonableness and imprudence. As such it is not substantive law, but a rule of evidence.

In this respect it differs from Section 8179, which makes a determination of a safety limit upon bridges and elevated structures conclusive evidence that the driver has exceeded the speed which can be maintained with safety to the structure. Here the contrast with Section 8176 is helpful. In the Section 8179 the offense is "[driving] a vehicle over any bridge . . . at a speed which is greater than the maximum speed which can be maintained with safety to such bridge . . . ." Once the speed is fixed by authority it is final and permanent, and as such becomes substantive law. Yet even here the act condemned and punished is conduct endangering the structure. The fixing of the safety limit dispels any uncertainty in the meaning of the words "speed which can be maintained with safety." Under Section 8176 a speed in excess of fifty-five miles per hour is merely "prima facie evidence" of imprudence and each case involves its own circumstances, surroundings, and conditions.

It is true, as stated in the controlling opinion, that violation of the speeds indicated are prima facie evidence that such speed is unlawful, but it is unlawful because and only if it is found to be not "reasonable and prudent." The jury is to convict not of speed but imprudence, and the instruction gives them no standard by which to measure the unlawfulneses. This error was pointed out in Dolan v. State, 195 Miss. 154, 13 So. (2d) 925. It is likewise correct to say that if a defendant fails to meet a prima facie proof of guilt, his guilt is proven beyond a reasonable doubt. But it is for the jury to find. This is shown by Gillespie v. State, 96 Miss. 856, 51 So. 811, 926, hereinafter referred to.

In this connection, the affidavit itself was demurrable. It merely alleged that the defendant operated an automobile at an illegal rate of speed, to wit: more than fifty-five miles an hour. He could have operated his car at sixty-five miles per hour without necessarily violating the statute of being guilty of a crime. On the other hand, violation could be proved by a speed less than fifty miles if the attendant conditions were considered. Therefore, it is not the exact speed, but the fact that it was unreasonable and imprudent. In fact, by Section 8178, an unreasonably slow speed is made a misdemeanor.

Therefore, the instruction, even as the affidavit, predicated the misdemeanor upon driving in excess of fifty-five miles an hour. He was, therefore, convicted not of the crime but of the evidence by which the crime may be proved. Upon a showing by the prosecution that the speed exceeded fifty-five miles an hour, the case was good against a motion to exclude because the judge was bound by the prima facie case which necessarily adduced proof of guilt beyond a reasonable doubt, as do all presumptions of guilt. In a civil case, the court could judge that a violation of the statute constituted negligence, and if the defendant offered no proof he could judge that under these circumstances the defendant was negligent, leaving the proximate cause open for the jury. However, in a criminal case he cannot judge peremptorily upon either guilt or any element thereof. If the defendant had offered proof on this issue, the judge could not instruct upon the presumption at all since it would then be for the jury upon the whole case. New Orleans & G. N. R. Co. v. Walden, 160 Miss. 102, 133 So. 241; Louisville & N. R. Co. v. Cuevas, 162 Miss. 521, 139 So. 397; Natchez Coca-Cola Bottling Co. v. Watson, 160 Miss. 173, 133 So. 677. Here, however, the defendant offered no proof. Therefore, the case is governed by Gillespie v. State, supra. The statutory presumption there involved was that the possession of appliances adapted to retailing was presumptive evidence of unlaw-

ful selling of liquor. There being no testimony for the defendant, the court instructed the jury that the possession of such appliances was presumptive evidence that defendant was selling liquor unlawfully, and if the jury believed from the evidence beyond a reasonable doubt that the defendant did sell liquors, they should convict. It would not have done for the court to instruct the jury that the defendant was guilty if she had in her possession such appliances. This was merely evidential. The offense was selling liquor. It is important, therefore, that the judge instructed them that while such possession was presumptive evidence, they must believe from the evidence beyond a reasonable doubt that the defendant sold liquors. The instruction in the instant case, however, states that the jury "should" find the defendant guilty if he drove his automobile at a rate of more than fifty-five miles an hour. The deputy Marshal testified that he himself drove faster than sixty miles in his pursuit. This would not make the marshal automatically guilty. Therefore, the defendant has been convicted not for the crime but for the evidence adduced to prove it. This was the trouble in Cutshall v. State, 191 Miss. 764; 4 So. (2d) 289. Compare the language in dissenting opinion in Cummings v. State, 194 Miss. 59, 11 So. (2d) 683, 687 (later confirmed by reversal, 319 U. S. 583, 63 S. Ct. 1200, 87 L. Ed. 1600).

It is a safe assumption that the jury, pursuant to the admonition of the instruction, convicted the appellant for a stated speed, instead of for a stated offense.

Smith, C. J., and McGehee, J., concur in this dissent.

ON SUGGESTION OF ERROR.

Griffith, J., delivered the opinion of the court on suggestion of error.

Appellant again complains of the insufficiency of the affidavit. Its sufficiency was not challenged in the trial

court by demurrer or otherwise, and being amendable, if it needed amendment, it must be held sufficient in the absence of a timely challenge on that issue.

Appellant complains further that the record does not show that the summons or notice to the defendant to appear and defend contained any specification of the speed at which the defendant is charged to have driven, and appellant points to subsection (e), Sec. 8176, Code 1942, which reads as follows: "In every charge of violation of this section the complaint, also the summons or notice to appear, shall specify the speed at which the defendant is alleged to have driven, also the prima facie speed applicable within the district or at the location."

It has been held in other states wherein the subsection is in this language that it applies to criminal and not to civil cases, 11 Uniform Laws Ann., p. 27, note 19, and we will assume, but without so deciding, that it applies to a municipal ordinance which has adopted the state's speed laws, yet the complete answer to appellant's contention, rendering it unnecessary to consider any other, is that he appeared and defended, making no such point in the trial court. 22 C. J. S., Criminal Law, sec. 144, p. 237.

Suggestion of error overruled.