MOORE v. STATE.

In Banc. Feb. 14, 1949.

(38 So. (2d) 693)

152

J. M. Travis, for appellant.

154

**Geo. H. Ethridge,** Assistant Attorney General, for appellee.

160

**Hall, J.**

Upon an affidavit charging a violation of the Mississippi Bad Check Law, Section 2153, Mississippi Code of 1942, appellant was convicted in the Justice of the Peace Court. He appealed to the Circuit Court and was again convicted, and now appeals to this Court.

In this Court the appellant challenges for the first time the sufficiency of the affidavit upon which he was convicted. This affidavit follows precisely the form set out in Section 2154 of the Mississippi Code of 1942, and in addition thereto charges that the check was issued with intent to defraud, and in our opinion is sufficient to charge appellant with a violation of the statute first mentioned.

Appellant further contends that he was entitled to a directed verdict in his favor because, under his contention, the evidence discloses that the check in question was given merely in payment of a previous loan. The evidence offered by the state shows that the appellant approached the prosecuting witness, A. G. Merrill, in front of Martin's Service Station in Justice District No. 5 of Jasper County and requested a loan of $20; that Merrill declined to make such a loan but did agree to cash a check for appellant in the amount of $20, and thereupon Merrell handed the sum of $20 in cash to appellant, and appellant went inside the service station, obtained a blank check of the Heidelberg Branch Office of Bay Springs Bank, changed the name of the bank to Bank of Shubuta, filled out the check for $20 in favor of Merrill, and delivered the check to Merrill; that the check was presented to Bank of Shubuta within less than thirty

days, and payment was declined because appellant had no funds on deposit therein, and that the check has never been paid. Merrill testified that he would not have parted with his money without the execution and delivery of the check to him. He was corroborated by another witness who was present at the time. The evidence for the State discloses that the check was given immediately after delivery of the money to appellant, that not more than five minutes elapsed between the delivery of the money and the delivery of the check, that the appellant and Merrill were together during this brief interval, and that the money was delivered to appellant upon the faith that the check was presently good.

Appellant testified in his own behalf that the $20 was loaned to him by Merrill about two hours before the delivery of the check, and that at the time of delivery he advised Merrill that he had no money in the bank. This was denied by Merrill and the other witness for the State. The issue thus raised was submitted to the jury with the result above stated.

Appellant contends that even under the proof offered by the State he was entitled to a peremptory instruction because the money passed into his hands before he delivered the check, and he relies upon Odum v. Tally, 160 Miss. 797, 134 So. 163, and Grenada Coca Cola Co. v. Davis, 168 Miss. 826, 151 So. 743. Both of those cases were actions for the recovery of damages for malicious prosecution growing out of the delivery of worthless checks. In the Odum case it was held that if the check was given for previous purchases then the prosecution was malicious but "if, on the other hand, the check was given for goods purchased on the day the check bears date, and the goods were then and there delivered to appellant in exchange for said check and on the faith that the check was presently good, then the prosecution was upon cause . . ." [160 Miss. 797, 134 So. 164] In the Grenada case this court said: "The so-called bad check law does not cover the obtaining of goods where

the goods had already been delivered, had passed completely out of the possession of the seller and away from him hands and premises *in a previously completed transaction* or transactions, although those transactions may have been at previous hours on the same day. There must be an exchange for the check at the time of de livery." [168 Miss. 826, 151 So. 744.]

 ██ Under the evidence offered by the State in the case at bar Merrill was unwilling to lend $20 to the appellant and would not have parted with possession of the money without the issuance and delivery of the check. While the money was actually handed over to appellant before the check was handed to Merill, the proof for the State shows that the two deliveries were practically synchronous and were both a part of the same transaction. The transaction was not completed (as in the Grenada case) when Merrill handed over the $20 to appellant, and its completion was not affected until appellant went inside the service station, wrote out the check, and delivered it to Merrill. This case is different on the facts from Broadus v. State, Miss., 38 So. (2d) 692. In that case Broadus had promised on the previous day that he would pay cash for the equipment; his agent came with a truck, loaded the equipment thereon and left with the equipment before Broadus had even arrived on the scene. When Broadus came, some thirty minutes later, he delivered a check to his vendor, which check proved to be worthless; the vendor had parted with possession of the property and it had been removed from his premises and was en route to another county before Boardus came. As in the Grenada case the vendor did not part with possession of the property upon the faith of the check; the delivery of the property had been completed as a separate transaction prior to even a suggestion from Broadus that he would give a check in payment. We are of the opinion that in the case at bar, according to the evidence offered by the State, the obtaining of the money and the issuance and delivery of the check constituted

one transaction and that the peremptory instruction was therefore properly refused.

The appellant also complains at the action of the trial court in granting to the prosecution the following instruction to the jury:

"The Court instructs the jury for the State, that the presentment of a check to the bank upon which it was drawn within thirty days after delivery thereof and there being in said bank upon which the check is drawn insufficient funds therein to pay said check in the makers name, is prima facie evidence of intent to defraud the payee thereof of the property for which the check was drawn; and in this case, if you believe from the evidence beyond a reasonable doubt that the defendant issued and delivered unto A. G. Merrill a check for $20.00 in exchange for $20.00 then received and said check was presented to the bank upon which it was drawn within thirty days after it was issued and delivered and that there was insufficient funds on deposit in said bank to the credit of John W. Moore with which to pay said check; then in that event there is made out by the State a prima facie case of an intent to defraud the witness A. G. Merrill by the Defendant John W. Moore of the $20.00 that was given for said check."

██ ██ We are of the opinion that the granting of this case was error. It is the general rule of law that when the facts appear presumptions recede and that the necessity for resorting to presumptions disappears when there is direct and positive evidence upon the matter in issue. The prosecution in this case produced evidence as to all the facts surrounding the transaction; the appellant testified in his own behalf and claimed that the $20.00 was loaned to him about two hours before he gave the check, and that when the check was given he told Merrill that he had no funds in the bank with which to pay it. Thus there was drawn a sharp issue between the prosecution and the defense. That issue was for the determina-

tion of the jury under proper instructions from the court. All the facts were in evidence for both the State and the defendant. While the State's case was for the jury, yet under the record here it was not an unusually strong case and the defendant produced a sufficient defense if believed by the jury. Under the facts here disclosed we feel that it was prejudicial error for the trial court to grant to the State an instruction to the effect that a prima facie presumption may be indulged in by the jury in support of and in addition to the evidence for the State.

In the case of Smith v. State, 161 Miss. 430, 137 So. 96, 98, this Court said: "The court gave the following instruction for the state, which action of the court appellant assigns and argues as error: 'The court instructs the jury for the State that malice is implied by law from the nature and character of the weapon used and that the use of a deadly weapon in a difficulty and not necessarily in self-defense, is in law evidence of malice.' This instruction embodies a correct principle of law, but is not applicable to this case, for the reason that all the facts and circumstances of the homicide were in evidence. In such a case the presumption of malice, arising from the use of a deadly weapon, disappears. Cumberland v. State, 110 Miss. 521, 70 So. 695; Walker v. State, 146 Miss. 510, 112 So. 673."

Even in civil cases, where the plaintiff is required only to establish his case by a preponderance of the evidence instead of beyond a reasonable doubt, this court is committed to the rule that where all the facts are in evidence the plaintiff is not entitled to an instruction upon a prima facie case. Davis v. Temple, 129 Miss. 6, 91 So. 689; New Orleans G. N. R. R. Co. v. Walden, 160 Miss. 102, 133 So. 241; Eastman, Gardiner & Co. v. Sumrall, 160 Miss. 792, 133 So. 212; Adams-Newell Lumber Co. v. Jones, 162 Miss. 517, 139 So. 315; Louisville & N.

R. R. Co. v. Cuevas, 162 Miss. 521, 139 So. 397. See also 9 Wigmore on Evidence, 3rd Ed., Sec. 2491.

The judgment of the lower court is therefore reversed and the cause remanded for another trial.

Reversed and remanded.