245 So.2d 605 (1971)
John BUTLER
v.
STATE of Mississippi.
No. 46239.
Supreme Court of Mississippi.
March 15, 1971.
Freeland & Gafford, Oxford, for appellant.
A.F. Summer, Atty. Gen., by John M. Kinard, Sp. Asst. Atty. Gen., Jackson, for appellee.
*606 INZER, Justice.
Appellant John Butler was indicted, tried and convicted in the Circuit Court of Lafayette County for the crime of selling lysergic acid diethylamide, commonly known as LSD. He was sentenced to serve a term of seven years in the State Penitentiary and to pay a fine of $1,000, with two years of the sentence and $500 of the fine being suspended on good behavior. From this conviction and sentence this appeal is prosecuted. We reverse and remand.
Since we are remanding this case for another trial, we will detail only such part of the evidence as is necessary for this decision. Appellant, upon being arraigned, pled not guilty with the suggestion that he was insane on May 4, 1969, the date of the alleged crime. The proof on behalf of the state established that on May 4, 1969, appellant came to the room occupied by Malcolm Watson, an undercover agent for the Narcotic Bureau of the Mississippi Highway Patrol at the Holiday Inn in Oxford and sold him two small green tablets said to be pure LSD. Watson testified that he paid appellant $100 for the tablets. These tablets were delivered to the Mississippi Crime Laboratory where they were turned over to Herman Parrish, a toxicologist. Mr. Parrish testified that several tests were run on the tablets and all confirmed that they were material commonly called LSD and technically called lysergic acid diethylamide.
Appellant offered as witnesses, Dr. Henderson, a clinical psychologist, Dr. Hancock, a psychiatrist, Dr. Hopkins, a general practitioner and Dr. Marion C. Hoppin, a psychologist. These witnesses were of the opinion that appellant was a schizophrenic, paranoid type and had been for some time prior to the time of the alleged crime. In rebuttal the state offered the testimony of three lay witnesses and the testimony of Dr. William L. Jaquith, director of Mississippi State Hospital.
Appellant assigns several errors on the part of the trial court for the reversal of this case, but we will only discuss those errors which merit discussion. We are of the opinion that the evidence on behalf of the state was sufficient to withstand appellant's motion for a directed verdict of not guilty at the conclusion of all the evidence. Since we are reversing this case because of errors hereinafter pointed out, it is not necessary for us to consider or discuss whether the verdict of the jury was against the overwhelming weight of the evidence.
Appellant's second assignment of error is as follows:
The Court erroneously refused to sustain the objections of appellant to the admission into evidence of the testimony of the State's witness Dr. William L. Jaquith as to appellant's mental condition on discharge from the Mississippi State Hospital at Whitfield on October 23, 1969; this testimony was purely hearsay: He merely read the findings of other physicians in which he had no part. At most Dr. Jaquith's testimony constitutes an opinion bottomed on the opinions of other experts, all of which deprived appellant of the right of cross examination, and for the further reason that the testimony was privileged in any event.
The record reflects that after appellant was indicted and before he was tried, he was admitted to the Mississippi State Hospital at Whitfield for a mental examination and evaluation. We gather from the statement of the trial judge contained in the record that it was understood that the state was to have the benefit of the results of this examination. Therefore, *607 the trial judge was correct in holding that appellant had waived the privileged communication statute. However, the trial judge was in error in allowing Dr. Jaquith to testify over the objection of the appellant in regard to the results of such examination. Dr. Jaquith testified that appellant was admitted to the hospital on September 23, 1969, and that he was discharged on October 23, 1969. While he was there he was examined by Dr. Green and Dr. Ritter, who were not called as witnesses by the state. Dr. Jaquith had seen appellant and knew who he was but had not talked to him. All he knew concerning his mental condition was what the other doctors had told him. When asked to testify as to the final determination of the appellant's mental condition based upon the examination of other doctors at the hospital, the court sustained the appellant's objection, but then allowed Dr. Jaquith to testify that the final determined diagnosis was that he was without psychosis, which the doctor explained meant that appellant was not incompetent and that he was not suffering from a mental illness at the time of the examination. The admission of this testimony over appellant's objection was highly prejudicial and constituted reversible error. The state by this means got into evidence the opinion of the doctors who examined appellant and deprived appellant of his right to be confronted by these witnesses as well as his right to cross examine them. In the recent case of Spears v. State, 241 So.2d 148 (Miss. 1970), we held that to allow a doctor to express an opinion as to pregnancy based upon a laboratory test not performed by the doctor was denial of the basic and fundamental right to be confronted by the witness as well as the right of cross examination. We held that the error was of major proportion and required a reversal of that case. The same is true relative to the error in this case, and it must be reversed.
Since this case must be retried there are other errors which must be pointed out in order that they will not recur on another trial. The instruction on page 225 of the record granted at the request of the state should not have been given for the reason it has incorporated therein the "falsus in uno, falsus in omnibus" theory. We have held in a number of cases that this type of instruction should not be given. Taurasi v. State, 233 Miss. 330, 102 So.2d 120 (1958); Dolan v. State, 195 Miss. 154, 13 So.2d 925 (1943); Metropolitan Life Ins. Co. v. Wright, 190 Miss. 53, 199 So. 289 (1940); Bell v. State, 90 Miss. 104, 43 So. 84 (1907).
The trial court granted at the request of the state the following instruction:
The court instructs the jury for the State of Mississippi that every person under the law is presumed to be sane and responsible for their acts.
We are of the opinion that the court was in error in granting this instruction under the circumstances of this case. The state was entitled to rely upon this presumption of fact until appellant introduced evidence tending to establish his insanity. The evidence on behalf of appellant raised a serious doubt as to whether appellant was sane at the time of the alleged crime. When such evidence was introduced the state had the burden to prove to the satisfaction of the jury beyond a reasonable doubt that appellant was sane. When the proof was in on this issue, the presumption disappeared and it was up to the jury to determine from the evidence whether or not the state had met its burden of proving the defendant was sane beyond a reasonable doubt. Of course, the jury may in its deliberations weigh the evidence against the so-called presumption but the state is not entitled to an instruction to this effect. Such an instruction could lead the jury to believe that in reaching its decision that it may arbitrarily disregard the evidence and rely entirely upon the presumption. *608 Gambrell v. State, 238 Miss. 892, 120 So.2d 758 (1960); Moore v. State, 205 Miss. 151, 38 So.2d 693 (1949); Ford v. State, 73 Miss. 734, 19 So. 665 (1896).
The instruction appearing on page 226 of the record granted at the request of the state should not have been given because there was no evidence that the appellant was under the influence of LSD on the day he sold LSD or that he voluntarily used LSD or was under the influence of that drug on the date of the sale.
For the reasons stated, we are of the opinion that this case should be and is reversed and remanded for another trial.
Reversed and remanded.
ETHRIDGE, C.J., and JONES, PATTERSON, and ROBERTSON, JJ., concur.