398 So.2d 658 (1981)
Leo DUNAWAY
v.
STATE of Mississippi.
No. 52500.
Supreme Court of Mississippi.
May 27, 1981.
Keith Starrett, Magnolia, for appellant.
Bill Allain, Atty. Gen. by Karen A. Gilfoy, Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and BROOM and HAWKINS, JJ.
HAWKINS, Justice, for the Court:
Appellant Leo Dunaway was convicted by the Circuit Court of Pike County of the crime of manslaughter by culpable negligence in the operation of an automobile under Mississippi Code Annotated § 97-3-47 (1972), and sentenced to serve a term of 8 years, with 4 years suspended. We affirm. The accident occurred on October 20, 1979, appellant was indicted by the grand jury on October 21, 1979, and his trial was held at the March Term, 1980 of that court, on March 26.
Appellant does not challenge the sufficiency of the evidence to support the verdict. He assigns two errors:
First, the amendment of the indictment by the State over appellant's objection at the conclusion of the State's case, without placing the order for amendment on the minutes of the court.
At the conclusion of the trial, and before submission of the case to the jury, the State made a motion to amend the indictment by *659 adding the name "Jr." to the name of the victim "Earl N. O'Neal," which the court permitted the State to do on the face of the indictment, over the objection of the defendant. No point was made at that time to the trial judge that an order authorizing the amendment had not been placed on the minutes as provided by Mississippi Code Annotated § 99-17-15 (1972). Furthermore, in his motion for a new trial, appellant did not assign this error.
Under our decisions in Jones v. State, 279 So.2d 594 (Miss. 1973) and Sturgis v. State, 379 So.2d 534 (Miss. 1980), this assignment of error cannot be first raised on appeal. In Sturgis, p. 537, we said:
"It is clear from this language that, under the circumstances above presented, a defendant must specifically bring the absence of an order on the minutes of the court allowing the amendment to the attention of the trial court, or the error will be waived and it may not be raised for the first time on appeal."
Second, the court erred in overruling the motion to dismiss the indictment for the reason that the trial on the indictment constituted double jeopardy. The only reason we discuss this assignment is to emphasize to enterprising defense counsel what the learned circuit court judge stated: "... it just won't work," under circumstances such as revealed in this case.
A patrolman gave the appellant a uniform traffic citation following the fatal collision, notifying him to appear before Justice Court Judge C.D. Williams on October 22, 1979. Nothing further was done by the State in reference to this citation. On January 7, 1980, appellant's counsel wrote Judge Williams: "You will find enclosed a check of Leo Dunaway's wife in the amount of $237.50 which is the amount we discussed that would be necessary to pay the fines called for by the above ticket."
The docket of the Justice Court shows the defendant having pleaded guilty to a charge of "R.D." on the 8th of January, 1980. No affidavit was ever lodged against appellant in that court, however, as required by Mississippi Code Annotated § 99-33-3 (1972), and no warrant was ever issued for his arrest under that citation, or on any charge. The appellant never appeared in that court; the judge simply accepted the fine. Neither the arresting officer, the county attorney, nor any person representing the State ever requested that court to take any action. Except for this citation, every action taken by that court was triggered by appellant or his wife, by and through his counsel. We, therefore, hold that no jurisdiction was ever in the justice court to compel appellant to pay any fine in the absence of the affidavit, and furthermore, the activity of appellant or his wife, by and through his counsel, to circumvent a prosecution under an indictment for manslaughter by voluntary payment of a traffic citation precludes any assertion of a constitutional violation of double jeopardy. The State of Mississippi is entitled to due process of law in its prosecutions.
This case is therefore affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.