GRIFFIN, Justice,
dissenting:
With deference, I respectfully dissent.
Today, Mississippi is first again — the first jurisdiction in the United States to consider a bail bond forfeiture as the basis for a plea of double jeopardy. Although Miss. Code Ann. § 63-11-37 (Supp.1987) states that for “purposes of Section 63-11-30, a bond forfeiture shall operate as and be considered as a conviction,” the majority’s inference that such a provision implicates the Double Jeopardy Clause flies in the teeth of the constitutional language at issue: “No person’s life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution.” (emphasis added) Miss. Const. Art. 3, § 22 (1890). See also, U.S. Const. Amend. V.
The statutory language at issue first appeared in Chapter 515, § 8, Laws of 1971, and reads as follows: “For the purposes of Sections 5, 6, or 7 of this act, a bond forfeiture shall operate as and be considered as a conviction.” Sections 5, 6, and 7 provided the various punishments for D.U.I., and the codifiers designated these sections as Miss. Code Ann. §§ 63-11-31, 63-11-33 and 63-11-35 (1972), since repealed. Yet, under Chapter 491, § 6, Laws of 1981, these statutes were re-codified as Miss. Code Ann. § 63-11-30. Also, Chapter 491, § 8, Laws of 1981 became § 63-11-37. Finally, Chapter 466, §§ 7 and 13, Laws of 1983 amended § 63-11-30, providing for chemical tests and enhanced punishment.
Our first duty, when construing a legislative act, is to give it such an interpretation as will render it constitutional. Clark v. State ex rel. Mississippi State Medical Association, 381 So.2d 1046, 1048 (Miss.1980); Peterson v. State, 268 So.2d 335, 337 (Miss.1972). Only when we adhere to the statute’s purpose, may we give it any semblance of constitutionality, even though this statute may well be subject to challenge by a defendant, whose license is revoked without trial.
Specifically, § 63-11-37, entitled “Copy of conviction record sent to commissioner; reduction of revocation or suspension period; additional restrictions on driving privi *820 leges,” concerns the administrative duties of the trial judge and Commissioner of Public Safety in docketing and recording convictions for driving under the influence of alcohol or drugs. This statute quite properly provides that a bond forfeiture on such a charge is the equivalent of a conviction only under § 63-11-30, which provides stiffer punishment for a second and third conviction for D.U.I. It is obvious then that the legislature, when including the bond forfeiture language in § 63-11-37, solely meant to hold a repeat offender liable for stiffer punishment, if he or she had skipped trial on a previous D.U.I. charge in favor of a bond forfeiture.
The majority’s position is that the Double Jeopardy Clause always precludes a trial on the merits whenever someone arrested for D.U.I. jumps bond, since the bond forfeiture, alone, convicts the defendant. This raises serious implications for the defendant’s right to due process. Miss. Const. Art. 3, § 14 (1890).
Yet, even if the majority were correct in its interpretation of the statute, the facts themselves are at odds with the majority’s conclusion. For example, docket entries reflect that Bennett neither posted nor forfeited a bond on the misdemeanor D.U.I. charge, Cause No. 126; rather, Bennett posted and forfeited his bond on the separate charge of driving under a suspended license, Cause No. 40. On September 23, 1985, when the Justice Court Deputy Clerk finally assessed the fine for driving under a suspended license, the fine and costs for this charge alone were assessed against the bond’s proceeds. No docket entry reflects that any proceeds from the bond were applied to the fine for misdemeanor D.U.I.
Moreover, Miss. Code Ann. § 99-33-3 (Supp.1987) requires an “affidavit of the commission of [a] crime” before the “justice court judge shall try and dispose of the case according to law.” In this case, Judge Howell testified, “The case did not come to trial. There was no witness sworn; there was no testimony taken. Merely the fact that the ticket was given to him on D.U.I. and that he failed to respond, to answer or respond.” Significantly, the record discloses only an affidavit charging Bennett with felony D.U.I., dated March 27, 1985. There is no record of an affidavit charging Bennett with either misdemeanor D.U.I. or driving under a suspended license. Indeed, the docket even reflects that the ticket, underlying the misdemeanor D.U.I., issued on April 12, 1985, more than two weeks after the felony affidavit. In accord with this evidence, Judge Howell, as quoted above, testified that he had simply signed his name to the docket, acting solely on the basis of the ticket, not an affidavit.
In Dunaway v. State, 398 So.2d 658 (Miss.1981), the appellant pled guilty to a ticket for reckless driving, paying the justice court a $237.50 fine, though there was no affidavit lodged against him in justice court. Later, when convicted for manslaughter by culpable negligence, the appellant asserted double jeopardy as a defense. Justice Hawkins, writing for the Court, held that “no jurisdiction was ever in the justice court to compel appellant to pay any fine in the absence of the affidavit ...”. Id. at 659. Consequently, the double jeopardy defense “just won’t work.” Id. See also, Boring v. Mississippi State Board of Dental Examiners, 300 So.2d 135, 139 (Miss.1974). Likewise, in the absence of an affidavit on the misdemeanor D.U.I. here, Dunaway should be our guide, since under § 99-33-3, Bennett’s defense “just won’t work.”[1]
Our treatment of justice court judgments is well stated by Justice Griffith in Keene v. State, 194 Miss. 233, 235, 11 So.2d 899, 900 (1943), and I copy the whole opinion:
Appellant was convicted in the Circuit Court under an indictment charging a misdemeanor. The evidence was ample in support of the verdict. It appears, however, that a previous prosecution for *821 the identical offense had been instituted in the justice court, and was there dismissed; and this is relied on as a bar to the judgment and sentence in the present case.
The judgment entered by the justice of the peace is as follows: “This cause was dismissed for the lack of evidence.”
It will be at once observed that it cannot be told from the cryptic entry whether the case was dismissed because no evidence was produced, which would be a dismissal for want of prosecution, or whether evidence was introduced but was found lacking in probative force. Oral testimony was received by the Circuit Court, without objection and without dispute, which showed that no evidence whatever was introduced in the justice court, and that in fact the cause was dismissed for want of prosecution. We lay this aside as if objection had been made and sustained.
Liberal rules of interpretation must of necessity be applied to judgments of justices of the peace, Ladnier v. Ladnier, 64 Miss. 368, 372, 1 So. 492, and mere matters of form will not invalidate them. At the same time they must in substance fulfill the requirement, applicable to all courts, that a judgment shall be reasonably definite and certain. 35 C.J. 656, and authorities under note 42. See, also, 31 Am.Jur. 753, 754. The quoted judgment fails to meet this test and is not sufficient to sustain the plea of former acquittal.
Citing Keene, the Court denied a double jeopardy defense in Moorehead v. State, 229 Miss. 454, 457, 91 So.2d 272, 273 (1956):
Appellant was indicted, tried and convicted in circuit court on a charge of assault. A previous prosecution for the identical offense had been instituted in the justice of the peace court, where the following order was entered: “The defendant did appear for trial but the prosecution did not appear with any evidence. The case was thrown out of court for want of prosecution.” The justice of the peace testified without objection that he did not swear any witness and took no testimony, but we lay aside this testimony as if objection had been made and sustained. The order of the justice of the peace shows that appellant was not prosecuted in that court and appellant was not there put in jeopardy. The judgment entered by the justice of the peace was not sufficient to sustain the plea of former jeopardy relied upon by appellant in bar of the judgment and sentence in the present case. Keene v. State, 194 Miss. 233, 11 So.2d 899.
Although the burden of proof never shifts from the State in criminal prosecutions, the defendant still must prove any distinct substantive matter relied on as a defense, e.g., double jeopardy. See, Talbert v. State, 347 So.2d 352, 354 (Miss.1977); White v. City of Philadelphia, 197 Miss. 166, 173, 19 So.2d 493, 494 (1944); Bennett v. State, 100 Miss. 684, 696, 56 So. 777, 779 (1911). In this case, Bennett first asserted double jeopardy on the basis of the bond forfeiture as a defense on appeal; he made no record of this objection, below. Based on this waiver and the facts of this case, it is wrong to predicate a reversal on such an issue.
In conclusion, although trial on a misdemeanor charge may occur in the defendant’s absence, where he jumps bond, resulting in a valid judgment and sentence, Miss. Code Ann. § 99-17-9 (1972), the majority now upholds a conviction as the basis for a double jeopardy defense, where the defendant received no trial. This contradicts the specific provision of the Double Jeopardy Clause. In addition, the record discloses no bond forfeiture whatsoever on the underlying charge of misdemeanor D.U.I.
The majority makes much of the fact that the word “guilty” was struck out and “marked in error” inserted. This should have happened. The record clearly reflects that it was error. No trial was conducted as provided by § 99-17-9, no witnesses appeared, no evidence was taken, nor was the defendant punished in accordance with the erroneous judgment. There is no inference of surreptitious conduct on the part of the person correcting the error. Certainly, the *822 defendant was not in jeopardy on the day the word “guilty” was written.
The parol evidence as to what took place was properly considered. Lovern v. State, 140 Miss. 635, 638-9, 105 So. 759 (1925). In Lovem, the Court stated:
The appellant pleaded former jeopardy, and in support thereof introduced in evidence the following judgment rendered by a justice of the peace:
This case came on to be heard before J.T. Harmon, justice of the peace for Fifth district of Itawamba county. Said case was called, and, it appearing that there was insufficient evidence to convict the defendant, the case was dismissed and the defendant discharged.
It does not appear from this judgment against whom it was rendered or what the charge against the defendant therein was, but the district attorney agreed that it was rendered in a prosecution against the defendant for the crime for which he was then being tried in the circuit court.
In order for a plea of former jeopardy to avail, it must appear that the defendant was actually acquitted or convicted in a former trial “on the merits” of the crime for which he is again sought to be convicted. Constitution, § 22.
The judgment here relied on recites neither an acquittal nor conviction “on the merits,” but that “the case was dismissed and the defendant discharged.” If the judgment contained. this recital only, it would exclude any idea that the defendant was adjudged either guilty or not guilty, but a doubt relative thereto arises because of the further recital that “there was insufficient evidence to convict the defendant.” It does not appear from this recital whether the insufficiency of the evidence was ascertained by the justice after the witnesses had been sworn and testified, or whether the information was obtained before the trial was begun. Whether the dismissal of the defendant was pursuant to an acquittal on the merits is left in doubt, which doubt parol evidence is admissible to remove. Robinson v. Lane, 14 Smedes & M. (Miss.) 161; 34 C.J. § 1515.
The evidence in explanation of this judgment was introduced by the appellant himself, from which it appears that the case was not tried on its merits, but was dismissed at the request of the county attorney after a conference with the witnesses. The judgment therefore constitutes no foundation for a plea of former jeopardy.
Id. There, as here, there was evidence which explained the judgment, and from this evidence it was shown that there was no trial on the merits.
HAWKINS, P.J., joins in this dissent.

. Miss. Code Ann. § 99-15-55 (1972) reads in part:
If the conservator of the peace in such case be a justice of the peace, having territorial jurisdiction of the offense, he shall convict the offender and punish him accordingly, but such conviction shall not bar a subsequent prosecution for felony in the same matter.