## NEZ HOLMAN v. THE STATE.

JOINT INDICTMENT. *Accused as witness for codefendant.*

Where defendants are jointly tried, neither, over his objection, can be made to testify, even for the other.

FROM the circuit court of Carroll county.

HON. C. H. CAMPBELL, Judge.

Nez Holman and Ben Ball were jointly indicted for burglary, and pleaded not guilty. Afterwards, at the same term, Holman moved for leave to withdraw his plea, and ask for a severance. The court overruled his motion, refused the severance, and defendants were jointly tried. After the state had closed its testimony, and Holman had also rested, Ball introduced his codefendant, Holman, as a witness in his behalf, to which counsel for Holman objected. The court overruled the objection, and an exception was taken. After Holman was sworn as a witness, his counsel asked the court to instruct him that he need not say anything that would criminate himself. The court replied that his counsel could instruct him. Thereupon, Ball proceeded to examine him, and asked a question touching the circumstances out of which the accusation arose. Counsel for Holman interposed an objection, and instructed him not to answer, but the district attorney suggested that the witness had been sufficiently instructed, and should make such objections

for himself. The court sustained the state in this position, and the examination of Holman proceeded. The action of the court in this matter raises the only point passed on by this court. Defendants were convicted, and Holman appeals.

*Brewer & Wilson*, for appellant.

Forcing appellant to testify, even for his codefendant, violated his constitutional right to refuse to testify against himself. Const. 1890, § 26; *Jordan* v. *State*, 32 Miss., 382; *Newcomb* v. *State*, 37 *Ib.*, 383; 1 Greenleaf on Ev., § 451.

*Frank Johnston*, attorney-general, for the state.

While at common law defendants jointly indicted are not competent for or against each other, and, while they are, under our statute, incompetent, unless tried separately, the objection can be made only by the state, where one of the defendants is introduced for his codefendant.

The right of a defendant to testify in his own behalf, which includes the right not to testify, is entirely distinct from the question of the competency of a defendant for his codefendant. The question of incriminating himself does not affect the competency of a witness generally, but only the particular matter that involves self-incrimination. As to all other matters, he must testify. It is for the witness himself to claim the privilege. 1 Greenleaf on Ev., § 451, note 4; *Newcomb* v. *State*, 37 Miss., 383. Appellant was sufficiently advised as to his right.

WOODS, J., delivered the opinion of the court.

The court having, in its discretion, refused to grant the appellant a severance on his motion, made after he had entered his plea of not guilty, should not have required him to take the witness stand and testify on the demand of his codefendant. He was then himself on trial, and whether he should appear as a witness or not on that trial was for his own determination. If the severance had been granted, then, under our statute, one

defendant not on trial, is made a competent witness for his co-defendant. But to compel a defendant, over his objection, to appear as a witness on his own trial, even as a witness for his codefendant, is inadmissible. His case may be, and often is, so interwoven with that of his codefendant that to compel him to testify will, generally, as it clearly appears from the bill of exceptions before us was the case in this instance, constrain him to give evidence against himself, and no defendant can be required to give evidence against himself.

*Reversed and remanded.*