## BROWN *v.* STATE.

[66 South. 288.]

1. WITNESSES. *Privilege. Right to claim. Waiver.*

A witness may waive his privilege and answer questions which the law would not otherwise compel him to answer. This privilege is personal to the witness as such and can be insisted upon as a right by him alone.

2. SAME.

When two parties were jointly indicted and a severance had, it was error, when accused, on trial, called his co-defendant as a witness, for the court to sustain an objection to his testifying made by his counsel alone. It was the duty of the court to have informed the witness of his privilege, and left it to the witness alone to waive or claim this protection afforded him by the Constitution.

APPEAL from the circuit court of Le Flora county.

HON. FRANK F. EVERETT, Judge.

West Brown, was convicted of manslaughter and appeals.

The facts are fully stated in the opinion of the court.

*Alfred Stoner* and *W. J. Patrick,* for appellant.

We insist that the court erred in refusing to allow the witness, Albert Brown, to testify in this case when called as a witness by appellant. The record shows that no questions were ever asked Albert Brown and that the court would not even allow him to be sworn; therefore, the ruling by the court was untimely and anticipatory. How could the court know but that the defendant, West Brown, was about to and could prove a complete alibi for both himself and Albert Brown. It will be noticed further that the privilege was claimed by Albert Brown's attorneys and that Albert Brown was not examined on his oath.

"The privilege is that of the witness; and the objection must be taken by him, on his oath, after the question has been asked, and it cannot be raised by a party to the suit or by an attorney." Jones on Evidence, sec. 890; 2 Elliott on Evidence, sec. 1007.

In the case of *Newcomb* v. *The State,* 37 Miss. 384, Judge HANDY, on page 402, says: "It is the duty of the court to apprise him of his privilege, and that was done here, but not to prevent her from answering if she though fit to answer, after being informed that she had a right to decline an answer. And counsel will not be permitted to make the objection." Citing other authorities, see the following cases: *State* v. *Wentworth,* 65 Me. 234, 20 Am. Rep. 688; 1 Greenlief on Evidence, sec. 451; *Krauss* v. *Sentinel Co.,* 62 Wis. 660; *Lathrop* v. *Roberts,* 16 Colo. 250; *State* v. *Pancoast* (N. D.), 67 N. W. 1052; *State* v. *Ekanger,* 8 N. D. 559, 80 N. W. 482.

Of course it will not be denied that Albert Brown would have been a competent witness for the defendant if he had been allowed to testify. "Where parties jointly indicted are tried separately, the party not on trial, shall, in all cases, be a competent witness for the party being tried." Miss. Code 1906, sec. 1493. This being true, we contend that appellant had a right to call Albert Brown as a witness to testify in his behalf, and that it was the duty of the court to advise the witness of his privilege to refuse to answer that which might tend to criminate him, and that the court should have permitted the witness to testify, and further that the said privilege of refusing to testify was personal and that the objections could only be raised by the witness himself, and not by counsel. This is a well established law in Mississippi.

We further insist that the court erred in anticipating the question that would be asked the said Albert Brown. See the recent case of *Perry* v. *State,* 64 So. 466.

*Geo. H. Ethridge,* for appellee.

I submit upon the facts that the verdict was correct and that the sentence was within the discretion of the court and there is no substantial denial shown in the record, and no facts shown in the record excuses the killing, and even taking the defendant's version of the killing, it is manslaughter. The record shows positively that he did the killing and his testimony does not raise a doubt that he did the killing. The only doubtful proposition in the record is the action of the trial court in not having Albert Brown sworn and allow him to testify with the right to decline to answer any question showing his connection with the transaction. I think the trial court was in error in excluding this witness and in declining to have him sworn, but I respectfully submit that there is not enougt in this record to constitute a reversible error. He should, at some state of the trial, have shown some facts or theory that he expected to sustain by the evidence of this witness. It may have been that the witness' testimony would have been wholly immaterial. This court, in looking at the record, should be convinced not only that the trial court committed error, but that the error committed contributed to the conviction and that the testimony sought to be introduced was material to the defendant. The criticism of counsel for appellant that the witness alone can object is not strictly true. It is true that the objection can only come from the witness and that he may waive the benefit of refusing to testify or incriminate himself, but he may object through his attorneys as well as by himself, the acts of his attorneys being in legal contemplation, his own acts. He had employed attorneys to defend him and they must have been presumed to have known the facts within the knowledge of their client, and they stated to the court that his testimony would tend to prove a case against him, and he certainly would not have been required to testify against himself in order to benefit someone else. If the defendant expected to prove

this fact, and could prove this fact by such witness, that would tend to incriminate himself, it was certainly the duty of the defendant and his counsel to inform the court as to what testimony they expected to offer, and show its materality to the case. The trial court, no doubt, had a general knowledge of the incident of the crime and the connection of each of the parties with it, and until there is something in the record that would show affirmatively that a prejudicial error occured in the case, it should not be reversed. The parties in the case should do all that is reasonable in presenting their case and should give the trial court the full benefit of their contention and expectations and the record does not show that this was done in this case. Even after the trial was completed, there is nothing to indicate that the witness would have testified to any fact that would have been material to the defendant's defense if he had been sworn.

Cook, J., delivered the opinion of the court.

Appellant was jointly indicted with his brother, Alf Brown, for the murder of Will Jones. Upon his motion a severance was granted, and the jury returned a verdict finding appellant guilty of manslaughter.

During the progress of the trial Alf Brown was called as a witness for appellant, when Mr. McBee, an attorney at law, made the following statement to the court:

"Your honor, we represent this defendant. He is charged in a joint indictment with this defendant for murder. We, as his attorneys, object to his testifying to any matter he may be asked that may be competent or material, as it might prove or tend to prove his connection with it. For that reason, as his attorneys, we object to his testifying."

Mr. Hill, another attorney for Alf Brown, then said:

"He has a right to seal his lips until he takes the stand in his own behalf, in his own defense."

Mr. Patrick, counsel for appellant, replied:

"If it is improper for him to answer the questions, when he takes the stand, and the question is asked, then let the objection be raised."

The court:

"I don't think, under the circumstances, the court could force him to take the stand at all. That objection is sustained."

Exception to the ruling of the court was reserved by defendant.

A witness may waive his privilege and answer questions which the law would not otherwise compel him to answer. The privilege under discussion is personal to the witness as such, and can be insisted upon, as a matter of right, by him only. In *Newcombe* v. *State,* 37 Miss. 403, the court announced the rule as follows:

"If this objection had been made by the witness, it might have exempted her from answering the question. But this is the privilege of the witness, given him by the law, and secured to him by the Constitution, for his own protection. It was the duty of the court to apprise him of this privilege—and that was done here—but not to prevent her from answering if she thought fit to answer, after being informed that she had the right to decline an answer. 1 Greenl. Ev. 451. And counsel will not be permitted to make the objection."

This rule, as above stated, is supported by the leading authorities: Jones on Evidence, sec. 890; Elliott on Evidence, 1007. See, also, *Head* v. *State,* 44 Miss. 731; *White* v. *State,* 52 Miss. 216.

Counsel, who objected for the witness, were not attorneys of record in the case on trial. It seems that they were retained to defend the witness, who was jointly indicted with appellant, and who was not then on trial. It was the duty of the court to have informed the witness of his privilege, and to have left it to the witness alone to waive or claim this protection afforded him by the Constitution. So far as the witness is concerned, there is

nothing in the record to suggest that he was unwilling to testify. His lawyers were unwilling, but the witness himself said not a word. He was not even sworn as a witness. The defendant was denied the benefit of his codefendant's evidence, although, so far as the record discloses, the witness was perfectly willing to testify.

It is our opinion that the attorneys, as officers of the court, might properly ask the court to apprise the witness of his rights; but certainly they have no right to object to his testifying, if he desires to do so. The court cannot assume that the witness is unwilling to give evidence, unless the witness so states.

*Reversed and remanded.*