## PITTS v. STATE.

### [76 South. 140, Division B.]

1. LARCENY. *Sufficency of evidence.*
   A conviction of grand larceny will be reversed on appeal where the indictment charged the larceny of three yearlings and a cow, described merely by the owner's name, and where the testimony showed that the cow did not belong to the party as charged in the indictment and the jury might well have found that the yearlings were worth less than twenty-five dollars, there being no direction to the jury to find for the defendant as to the cow and no direction as to finding the value of the yearlings separate from the cow.

2. SAME.
   In such case the defendant could not plead former jeopardy as to the theft of the cows as there was no such description of the cow as could identify her when you take from the description the fact that she was owned by the person alleged to be the owner in the indictment.

APPEAL from the circuit court of Calhoun county.

HON. J. L. BATES, Judge.

Jesse Pitts was convicted of grand larceny and appeals.

The facts are fully stated in the opinion of the court.

*C. E. Inman,* for appellant.

The counsel for the defendant earnestly insists that this cause should be dismissed against defendant appellant because of variance between the proof and the indictment, the indictment charging ownership to be in one Spearman and the proof conclusively showing ownership was in Spearman jointly with others (page 34 of the record in this cause, third page of the testimony of D. E. Spearman), and the appellant defendant relies upon the law as laid down in *McDowell* v. *State,* 8 So. 508.

*Frank Roberson,* for the state.

· Another contention made by appellant is that there is a variance between indictment and the proof as to the ownership of the property alleged to have been stolen. The owner of the cattle testified that he had given the cow to his daughter and son-in-law, but that the rest of the cattle belonged to him. There is ample testimony in the record to show that the value of the cattle which belonged to Mr. Spearman exceeded twenty-five dollars in value.

The facts of this case are overwhelming as to defendant's guilt and I submit that the case should be affirmed. It seems that defendant is peculiarly fortunate in that this record has been delayed a year and a half reaching this court and in the meantime he has been out on bond.

Etheridge, J., delivered the opinion of the court.

The appellant was indicted in the circuit court of Calhoun county at the September term, 1915, for the larceny of ''three certain yearlings and one certain cow, a more particular and accurate description of which is to the grand jury unknown, then and there the personal property of D. E. Spearman of the value of fifty dollars,'' etc. On the trial of the cause the proof on the

part of the state developed the fact that the cow in question was not the property of D. E. Spearman, but was the property of his son-in-law. There was no direction to the jury to find for the defendant as to the cow, and no direction as to finding the value of the yearlings in question separate from the cow. The proof in the case on the value of the cattle as a whole varied considerably, there being several witnesses who testified that the value of the whole bunch of cattle alleged to have been stolen was not exceeding thirty-five dollars or forty dollars. It appears from the testimony of the prosecuting witness that the cow was much more valuable than the yearlings, and if the cow had been eliminated from the case and the jury instructed to find for the value of the yearlings separately, it is probable that the jury would have found their value to be less than twenty-five dollars, and consequently petit larceny instead of grand larceny. In addition to this the defendant could not plead former jeopardy as to the theft of the cow, as there is no such description of the cow as could identify her when you take from the description the fact that she was owned by the person alleged to be the owner in the indictment. If this part of the description is taken from the indictment it could not stand. It follows that the case should be reversed and remanded for a new trial, so that the cow may be eliminated from consideration by the jury.

*Reversed and remanded.*