### DARRIS *v.* STATE.

(Division A. March 2, 1931.)

[132 So. 565. No. 29131.]

Lamar Watson, of Greenville, for appellant.

**W. A. Shipman,** Assistant Attorney-General, for the state.

**Smith, C. J.,** delivered the opinion of the court.

The appellant was indicted for the theft of several tools appropriate for and parts of an automobile tractor, aggregating a value of forty-four dollars, included in which was a carburetor valued at twenty-seven dollars. The owner of the tractor stated that the articles were taken from the tractor by some person unknown to him. A few hours after they were said to have been taken, most of the articles were found in an automobile being driven by some one who stopped the automobile and ran when approached. The carburetor was not among the articles found in the automobile, but was subsequently found near the tractor. The tools were not marked but were said by the owner of the tractor to be the ones taken therefrom, and the identity thereof, on the evidence, was for the jury, as also was the identity of the appellant with the person who was driving the automobile when the articles were found therein.

The jury returned a general verdict of guilty as charged in the indictment, on which the court sentenced the appellant to a term in the penitentiary. The indictment charged the appellant with, and the verdict therefor convicted him of, a felony; but under the evidence he should only have been convicted of a misdemeanor, for the value of the property found in his possession was less than twenty-five dollars. The carburetor, for aught

that appears in the evidence, may have been taken from the tractor by some other person, and the possession by the appellant of the other articles taken therefrom is insufficient to warrant his conviction for stealing the carburetor.

The judgment of the court below must be reversed, and a new trial awarded. Pitts v. State, 115 Miss. 189, 76 So. 140.

Reversed and remanded.