JACKSON *v.* STATE.

(Division B. Sept. 30, 1935.)

[163 So. 381. No. 31695.]

Dudley W. Conner, of Hattiesburg, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Anderson, J.,** delivered the opinion of the court.

Appellant, Homer Colston, and Essie Colston were jointly indicted in the circuit court of Forrest county of the crime of grand larceny in the theft of a Ford automobile. Appellant was granted a severance and was tried separately and convicted and sentenced to a term of three years in the state penitentiary. From that judgment, he prosecutes this appeal.

Appellant raised the question by demurrer as to whether the indictment sufficiently described the automobile. He contends that the description failed to meet the provisions of section 26 of the constitution which requires that the defendant shall be informed of the nature and cause of the accusation against him. The automobile was described as "one certain Ford automobile, two-door make, of the property of Ben Stevens and of the value of more than twenty-five dollars, etc. This contention is without merit. Jones v. State, 51 Miss. 718, 24 Am. Rep. 658. In that case the defendant was charged and convicted of the larceny of a mule. The indictment described the mule as "one mule, the property of William Adkins." The court held that was a sufficient description. The opinion stated that it was not necessary to state the color, age, or any other particular concerning the mule by way of description or identity. Pitts v. State, 115 Miss. 189, 76 So. 140, does not sustain appellant's contention; on the contrary, it gives some support to the contention of the state. The subject of the larceny in that case was three yearlings and a cow, de-

scribed in the indictment as "three certain yearlings and one certain cow, a more particular and accurate description of which is to the grand jury unknown, then and there the personal property of D. E. Spearman of the value of fifty dollars," etc. The evidence showed that the cow did not belong to Spearman, and under the evidence the jury might well have found that the yearlings were worth less than twenty-five dollars. There was no instruction to the jury to find the defendant not guilty as to the cow, nor any to find the value of the yearlings separate from the cow. The court said that former jeopardy as to the larceny of the cow could not be pleaded by the defendant, as the description of the cow was insufficient when the name of the owner was taken therefrom, clearly indicating that if the converse were true, the defendant could rely on former jeopardy.

Appellant offered Essie Colston as a witness. The district attorney thereupon stated to the court that Essie Colston was not only jointly indicated with appellant for the larceny of the automobile but was "also charged in a second indictment with unlawfully receiving this stolen goods," and asked the court to advise the witness of his constitutional right to refuse to incriminate himself. In response the court stated to the proposed witness that he could testify in the case if he wanted to but under the law he did not have to, and asked him if he was willing to do so. In response to this question the witness said: "I would rather not testify." The court then ruled that he should not be forced to testify, to which action of the court appellant excepted. Appellant's attorney then stated into the record what he expected to prove by the witness, which was, in substance, that the witness assisted appellant and Homer Colston in cleaning and working over the car for the purpose of selling it to Black, in whose possession it was found. It is not necessary to determine whether the procedure adopted by the court was correct or not,

for it is manifest from what appellant expected to prove by the witness that his testimony would have tended to incriminate him. The fact that he, with appellant and the other joint defendant, was engaged in working the car over would have been, on his trial, a fact strongly tending to show his own guilt, although he denied guilt. It would have been error, therefore, if the court had forced the witness to testify.

After appellant's testimony had been concluded, the state put Homer Colston, who, as above stated, was jointly indicted with appellant and Essie Colston, on the witness stand in rebuttal. He had pleaded guilty to the charge and was awaiting sentence of the court. His testimony, if true, showed appellant's guilt as well as his own. Neither during the progress of his testimony, nor at its conclusion, did appellant object to it either in whole or in part upon any ground. The state followed him with another witness in rebuttal. While this witness was testifying, appellant's attorney moved to exclude the testimony of Homer Colston, using this language: "Comes the defendant and moves the court to exclude all the testimony of the witness Homer Colston for the reason that it is improper rebuttal testimony and should have been put on in direct examination." This motion was overruled by the court. Appellant urges that this action of the court is ground for a reversal of the judgment. Waiving the lateness of the objection, the trouble with appellant's position is that part of the testimony of this witness was in rebuttal and part of it was not. In such a case it is not error for the court to overrule a general motion to exclude. Appellant should have pointed out specifically the rebuttal evidence, separating it from the other. This was not done. Wampold v. State, 170 Miss. 732, 155 So. 350; Jackson v. State, 163 Miss. 235, 140 So. 683; Lee v. State, 137 Miss. 329, 102 So. 296.

Affirmed.