KIMBRALL *v.* STATE.

(Division B.   May 10, 1937.)

[174 So. 47.   No. 32648.]

**Creekmore, Creekmore & Capers,** of Jackson, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Anderson, J.,** delivered the opinion of the court.

Appellant was jointly indicted with Valley Dorrough and E. O. Wade in the circuit court of Calhoun county

for the larceny of two mules. Appellant was tried separately, convicted, and sentenced to the penitentiary for a term of four years, and from that judgment he prosecutes this appeal.

The case made by the State was that the mules belonged to Mrs. H. L. Hodges, who resided in Calhoun county. The mules were in her pasture near her home. They were stolen on the night of April 11, 1934, and were missed the next morning. Appellant owned a truck of the type generally used to transport livestock. He was seen with the truck in the vicinity on the night the mules were stolen. On the next day appellant appeared at the Meridian stockyards with these two mules and two others belonging to Oscar Sturdivant. Sturdivant resided in the same community as Mrs. Hodges, and his mules were stolen on the same night. Appellant, claiming to be the owner of the mules, had the auctioneer in the stockyards to sell them.

The defense was an alibi on the night the mules were stolen, and that on the next day he bought the mules from an unknown negro and took them to the stockyards in Meridian and had them sold.

In proving the case against the appellant, the State proved the larceny of Sturdivant's mules. This evidence was admitted over appellant's objection. That action of the court is urged as a ground for the reversal of the judgment. Appellant invokes the general rule that the State's case could not be aided by proof of another crime than the one for which he was tried. There are exceptions to the general rule; one is that evidence of another crime is admissible where it forms part of the same transaction of which the crime charged is constituted and is so intimately connected therewith that one cannot be fully proven without proof, at least to some extent, of the other. Keel v. State, 133 Miss. 160, 97 So. 521; Bond v. State, 128 Miss. 792, 91 So. 461; Collier v. State, 106 Miss. 613, 64 So. 373; King v. State, 66 Miss. 502, 6 So. 188. This case comes within that ex-

ception. The two larcenies formed, to a very large extent, one transaction. One could not be fully proven without proving the other.

Over appellant's objection, Sturdivant was permitted to testify as to what Champenois, who was in charge of the stockyards, told him with reference to appellant's selling the mules. The objection was general, not specific. It is argued that it was not admissible because hearsay. This contention is without merit under the rule that the admissibility of evidence can be predicated only on an objection thereto specifically pointing out the infirmity complained of. Jackson v. State, 163 Miss. 235, 140 So. 683. Furthermore, the admission of the evidence was without harm to appellant. There was no substantial conflict in the evidence as to appellant delivering the four mules to the stockyards in Meridian and having them sold.

Affirmed.