HUTCHINS *v.* STATE.

Division A. Oct. 1, 1951.

No. 37875 (54 So. (2d) 210)

146

Lee V. Prisock, for appellant.

148

**Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**Kyle, J.**

The appellant, Elbert Ray Hutchins, was jointly indicted with James H. Shaw and several others for burglary. The appellant was tried separately at the May, 1950, Term of the Circuit Court of Hinds County and was convicted and sentenced to serve a term of five years in the state penitentiary. From that judgment he prosecutes this appeal.

Only one error is asigned for review by this Court, namely, that the trial court erred in denying the appellant the right to present as a witness for the defense the said James H. Shaw who was in a taxicab with the appellant at the time the two were arrested and questioned by the Hinds County police officers a short time after the burglary had been committed.

The defendants were charged in the indictment with burglarizing Berbiglia's Triangle Cafe on Gallatin Street in the City of Jackson on the night of August 23-24, 1950. The owners of the cafe were L. B. Carter and Jack Berbiglia. The guilty parties had entered the cafe sometime after midnight by breaking a pane of glass in the window at the rear end of the cafe and unlatching the

window. The cash register was broken into and $73.09 was taken from the cash register. There were also several packages of cigarettes missing after the burglary had taken place. The money taken from the cash register included two silver dollars, one of which, Carter testified, had a small hole in the back of it. The appellant and the above named codefendant Shaw were arrested between four and five o'clock in the morning while riding in a taxicab on Pearl Street, and were taken to police headquarters. Approximately $26 in money was taken off of the appellant and placed in an envelope. The money included a silver dollar with a hole in the back of it, which Carter later identified as one of the silver dollars taken from the cash register when the cafe was burglarized. The appellant made a statement to the officers after he had been carried to the police headquarters in which the appellant admitted that he and his codefendants had broken into and entered the cafe and had taken the money from the cash register; and the appellant signed a written statement to that effect in the presence of the officers setting forth in detail the manner in which the crime had been committed.

The foregoing facts were testified to by the State's witnesses, and were practically uncontradicted. During the progress of the trial in the circuit court the State offered in evidence the above mentioned confession.

The appellant objected to the introduction of the confession. The jury retired from the courtroom and a preliminary hearing was had before the trial judge on the question as to whether the confession had been made by the defendant freely and voluntarily or had been induced by force, threats, fear, or hope of reward. The appellant testified on the preliminary hearing that he was drunk on the night of his arrest, and that he did not remember riding in a taxicab or being arrested by the officers, or being carried to the police station in the City of Jackson or being locked in jail. Shaw testified on the preliminary hearing that at the time of their arrest one of the police

officers struck the appellant on the side of the head and that during the questioning of the appellant at the police station one of the officers kicked the appellant on the leg. Both of these accusations were denied by the police officers who made the arrest and who were present at the time the appellant was questioned at the police station. At the conclusion of the preliminary hearing the trial judge overruled the objection of the appellant to the admission of the confession, and the confession was admitted in evidence.

After the State had rested its case, one witness, Turner Johnson, testified for the appellant, and the appellant then called James Shaw as a witness to testify for the defense. Mr. Stockdale, a member of the Hinds County Bar, arose and stated to the court that he was Shaw's attorney and moved the court to exclude Shaw's testimony on the ground that if he were required to testify his testimony would incriminate him. The court announced that the objection would have to be made by Shaw himself, and that it could not be made by his attorney. The attorney stated that was what Shaw intended to do. The court thereupon advised the witness that he did not have to testify if his testimony would incriminate him. The court understood that Shaw had already been given a suspended sentence in the case against him. Mr. Stockdale stated that there were other indictments in the files that might be pending. The court then stated that it was the court's duty to say to the witness that he would not be required to testify if his answers were calculated to incriminate him in the matter. This statement was based upon the fact that Shaw was jointly indicted with the appellant. The court then asked Shaw the direct question whether he desired to testify. The witness stated that he did not desire to testify and the court ruled that he would not. be required to testify. The appellant's attorney then dictated a statement into the record, in which he stated that the defendant intended to show by the witness that he, the defendant, was

intoxicated on the night of the burglary, that he did not instigate the burglary and larceny for which he was accused, and that the confession introduced by the State had been obtained as a result of force and violence. The court's reply to the statement made by the appellant's attorney was that the witness was under indictment for the same crime and that he had a perfect right to refuse to testify.

Under Section 26 of our State Constitution an accused cannot be compelled to give evidence against himself. Similar provisions are contained in the federal Constitution and in the constitutions of all of the states. ██ ██ While the privilege of refusing to testify, if in doing so his answers would incriminate him, may be waived by a witness, it is the duty of the court in proper cases to inform the witness of his privilege, so that the witness may decide for himself whether he will claim the privilege. In the early South Carolina case of State v. Edwards, 2 Nott & McC. 13, 10 Am. Dec. 557, the court said: "It is for the witness and not the court to judge whether his answer to a question will tend to criminate him. If it will form one link in the chain of testimony against him, he is not bound to answer; and the court should so instruct him as to enable him to decide understandingly." And in the case of Anderson v. State, 8 Okl. Cr. 90, 126 P. 840, Ann. Cas. 1914C, 314, in which the question to be decided was very similar to the question presented on this appeal, the court, after reviewing numerous authorities from other states, held that where one indictee is offered as a witness on behalf of his co-indictee on the latter's trial, the court may properly refuse to compel the witness to answer incriminatory questions.

In the case of Brown v. State, 108 Miss. 46, 66 So. 288, the Court held that it was error for the trial judge, when a codefendant was called as a witness for the accused on trial, to sustain an objection to the codefendant testifying made by his counsel alone. In that case the Court stated,

however, that it was the duty of the court under such circumstances to inform the witness of his privilege, and to leave it to the witness to waive or claim the protection afforded him by the Constitution. That case was reversed on appeal because there was nothing in the record to indicate that the codefendant was unwilling to testify. In the case that we now have before us the record shows that the witness, upon being advised by the court of his privilege to refuse to testify if in doing so his answers would incriminate him, stated that he did not desire to testify.

In the case of Jackson v. State, 173 Miss. 776, 163 So. 381, 382, 100 A. L. R. 789, the Court held that a witness who had been jointly indicted with the defendant for larceny of an automobile could not be required to testify where the defendant expected to prove by such witness that the witness had assisted the defendant in cleaning and working over the automobile for the purpose of selling it to one in whose possession it was found, since such testimony would have tended to incriminate the witness. In that case Judge Anderson speaking for the Court said, ''It is not necessary to determine whether the procedure adopted by the court was correct or not, for it is manifest from what appellant expected to prove by the witness that his testimony would have tended to incriminate him.''

██ Appellant's attorney in the case that we now have before us stated that he intended to prove by the witness Shaw that the appellant was intoxicated, presumably at the time the burglary was committed, that the appellant did not instigate the burglary and larceny of which he was accused, and that the confession obtained by the officers a short time after the arrest of the appellant and Shaw had been procured as a result of force and violence used by the officers in making the arrest and obtaining the confession. It is clear from the testimony of the State's witnesses and the defendant's witness that proof of the facts which the appellant's attorney stated

that he intended to prove by the witness Shaw could not have been made by Shaw's testimony without incriminating Shaw, who was at that time charged as a codefendant with the commission of the crime. Under Section 26 of the Constitution Shaw could not be compelled to give evidence against himself. The court might have permitted appellant's attorney to propound questions to the witness for the purpose of attempting to prove by the witness the above mentioned facts; but if that had been done, the witness would have had a constitutional right to refuse to answer the questions on the ground that the answers might incriminate him. State v. Thaden, 43 Minn. 253, 45 N. W. 447; Davis v. State, 122 Ga. 564, 50 S. E. 376.

Neither do we think that the witness Shaw waived his right to refuse to testify as a witness for the appellant concerning the matters proposed to be proved by him on the ground that his answers might incriminate himself when he testified at the preliminary inquiry conducted by the court, in the absence of the jury, for the purpose of determining the competency of the alleged confession which the State had introduced as a part of its testimony. Summerville v. State, 207 Miss. 54, 41 So. (2d) 377.

There was no error in the refusal of the court to require the witness Shaw to testify concerning the matters about which the appellant's attorney proposed to interrogate him, and the judgment of the lower court is therefore affirmed.

Affirmed.