## WILLIS *v.* STATE

No. 43080 June 8, 1964 165 So. 2d 154

*William S. Turner*, Aberdeen, for appellant.

*G. Garland Lyell, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

336

Brady, Tom P., J.

The appellant was tried and convicted in a Justice of the Peace Court of Monroe County, Mississippi, for disturbing the peace on the school grounds of Hamilton School, a community south of Aberdeen, Mississippi. Upon appeal to the Circuit Court of Monroe County, the affidavit was amended and the appellant was again convicted. He was sentenced to pay a fine of $500, and to serve six months in the county jail; $450 of the fine and four months of the sentence were suspended. The appellant assigns four errors which he urges were committed by the circuit court, one of which is the amendment of the affidavit. The error which deserves our consideration is error number two. This error is as follows:

"That the Court erred in permitting State's witness, T. A. Dye, to testify over defendant's repeated objections, to the effect that prior to the time of the offense alleged in the affidavit, that Defendant had been a student at Hamilton High School, that Dye had admitted him as a student reluctantly and over his better judgment after the Defendant had been kicked out of the U. S. Air Force and given a bad conduct discharge, that Defendant had been convicted of stealing at Columbus, Mississippi; that thereafter Dye had expelled Defendant from Hamilton High School and told Defendant not to come back to the school without coming by the

office, all of which testimony was incompetent, relative to the charge for which the Defendant was being tried for, and only served to arouse bias, passion and prejudice of the jury against the Defendant.''

The appellant cites no authority in support of this assignment, and if it was not apparent that the error assigned was well taken, the appellant's assignment would be disregarded by this Court under the requirements and provisions off Rule 7, Par. (2), of this Court. See Johnson v. State, 154 Miss. 512, 122 So. 529.

There is, however, merit in the appellant's assignment of error, and because thereof this cause must be reversed and remanded.

The appellant was charged with the misdemeanor of disturbing the peace on a public school ground. The appellant did not take the stand and testify, and yet the principal of the school was permitted to testify, over the objection of appellant's attorney, that the appellant had formerly been discharged from the U. S. Air Force and was given a bad conduct discharge; that the appellant had told him that he had been expelled from the Aberdeen High School for stealing and that he had called Mr. Clark and he (Clark) said the boy had been dishonorably discharged from the service, and had been in numerous scrapes, and advised him not to let the boy in school. This hearsay testimony is obviously inadmissible. If the appellant had taken the stand to testify, he could have been asked if he had been convicted of stealing, but that is all that could have been shown. The principal was furthermore permitted to testify regarding a fight which the appellant had with another student, which played a part, together with other events, in leading to his expulsion from Hamilton School. None of these events were relevant or had any bearing upon the misdemeanor for which the appellant was being tried.

 █ Apparently the State and the lower court felt that these events constituted a part of the res gestae, but such is not the case. The other offenses testified to by Principal Dye are not even remotely connected in point of time or with the events out of ·which the·misdemeanor arose. Dixon v. State, 169 Miss. 876, 154 So. 290; Williams v. State, 220 Miss. 800, 72 So. 2d 147; Kimbrall v. State, 178 Miss. 701, 174 So. 47; Clark v. State, 181 Miss. 455, 180 So. 602; May v. State, 205 Miss. 295, 38 So. 2d 726; Keel v. State, 133 Miss. 160, 97 So. 521; Starks v. State, 245 Miss. 238, 147 So. 2d 503; Lee v. State, 244 Miss. 813, 146 So. 2d 736; 22A C. J. S., Criminal Law, Secs. 682, 683, 689.

 █ It is apparent that the other crimes charged to this appellant by Principal Dye are not so intimately connected with the misdemeanor at bar as to form a part thereof, nor is there a connection with the misdemeanor at bar which would tend to prove the misdemeanor, nor is the dishonorable discharge from the Air Force, the charge of stealing, the fight with the student, or the unproved troublesome events in which the principal believed the appellant to be connected, so interwoven with the misdemeanor that they cannot be separated. These events do not tend in the least to establish the disturbing of the peace by the appellant and should not have been admitted over the continuing objection of the appellant. Hawkins v. State, 224 Miss. 309, 80 So. 2d 1.

The jury could have been prejudiced and influenced by this testimony which was not admissible. Therefore, this cause is reversed and remanded.

Reversed and remanded.

*Kyle, P. J., and Ethridge, Gillespie and Patterson, JJ.,* concur.