INZER, Justice:
Appellant Sam Presley was indicted, tried and convicted in the Circuit Court of Jackson County on a charge of illegal possession of gambling devices in violation of Section 2192, Mississippi Code 1942 Annotated (1956). He was sentenced to pay a fine of $2,000 and serve 60 days in the county jail. From this judgment he appeals and we reverse and discharge appellant.
' The controlling question to be decided is whether an agent of the Alcoholic Beverage Control Division of the State Tax Commission has the authority to serve a search warrant issued for the purpose of making a search for illegal gambling equipment.
The pertinent facts are that on December 12, 1967, the circuit judge of the Nineteenth Judicial District of which Jackson County is a part, issued a search warrant directed to any officer in Jackson County authorizing the search of the premises known as “The Diner” located on Highway 90 East in Jackson County. The search warrant was issued as a result of a proper affidavit made by Gwin Cole, assistant chief law enforcement officer of the Alcoholic Beverage Control Division of the State Tax Commission. After the search warrant was served by Gwin Cole’s delivering a copy of the warrant to appellant, a search of the premises was made. As a result of the search, gambling devices consisting of one dice table, a black jack table, assorted cards, poker chips and some money were seized.
*831 By agreement appellant was tried before the circuit judge without the intervention of a jury. Appellant objected to any evidence obtained by virtue of the search warrant and moved to quash the warrant for the reason that Gwin Cole had no lawful authority to serve the warrant. The objection and the motion to quash were overruled. When the state rested its case, appellant made a motion to exclude the evidence and for the court to find the defendant not guilty. This motion was also overruled.
Mr. Cole testified that none of the officers of Jackson County authorized by law to serve process accompanied him on the search and he was not appointed by the circuit judge or authorized by the sheriff of Jackson County to serve the warrant.. He relied solely on the authority given to the officers, agents and representatives of the Alcoholic Beverage Control Division of the State Tax Commission under the provisions of the Local Option Beverage Control Law.
The state urges that Mississippi Code 1942 Annotated, Section 10265-03 (Supp.1966) gives the officers, agents and representatives of the Alcoholic Beverage Control Division the authority to enforce the gambling laws throughout the state and therefore Mr. Cole had the authority to serve the search warrant. With this contention we cannot agree. Section 10265-03 reads as follows:
The officers, agents and representatives of the State Tax Commission and the Alcoholic Beverage Control Division thereof are authorized and directed to strictly enforce the prohibition laws throughout the State, except in those counties which have voted for the legalized sale of intoxicating liquor. The State Highway Patrol, sheriffs, police departments, constables, and all peace officers, and prosecuting attorneys, the Attorney General’s office, district attorneys, county attorneys, city attorneys, and all others charged with upholding the law, as well as the citizenry of this .State, are hereby urged and directed to uphold the dignity of the law, to foster public respect therefor and to strictly enforce the laws against intoxicating liquor in all cases while operating a motor vehicle on the streets and highways of this State, and to enforce the law and prosecute against the wrongful use of intoxicating liquor in any county by a permit holder or licensee or anyone else under such circumstances and conditions as would leacj to a breakdown in public law or is violative of the public sense of common decency, as well as enforce the law against gambling, organized crime, or social vice and corruption. The State Department of Education in prescribing the curriculum for all elementary, junior and senior high schools in this State and in making use of State funds for the minimum education program in this State shall include therein full and adequate provision for the teaching of scientific facts as to the effects of the use of intoxicating liquor and the destructive social effects thereof. (Emphasis added).
It is argued that the representatives of the State Tax Commission come within the terms of the words, “and all others charged with upholding the law,” and consequently they are authorized to enforce the gambling laws. In our opinion it is clear that the only authority intended to be given to the officers, agents and representatives of the State Tax Commission and the Alcoholic Beverage Control Division thereof by the above section is contained in the first sentence thereof. This septence authorizes and directs them to strictly enforce prohibition laws throughout the state except in those counties which have voted to legalize the sale of intoxicating liquor. The rest of the section, except the last sentence, is nothing more than an admonition to all the officers therein named, as well as all others, including the citizenry of the state to uphold the dignity of the law and to strictly enforce the laws therein designated. It is evident that it is not intended by this part of the section to give to the *832 officers therein named or anyone else, any additional authority to enforce such laws other than the authority they possessed prior to the passage of this act. If this section is to be construed as contended by the state, then all officers named as well as others, including the citizenry, became peace officers. It is obvious that the legislature did not intend such a result.
Furthermore, we are of the opinion that our decision in Jolliff v. State, 215 So.2d 234 (Miss.1968), is decisive of the question here involved. There we held th%t the agents of the Alcoholic Beverage Control Division are not peace officers and that the Alcoholic Beverage Control law itself limits the authority of the agents by the provisions of Section 10265-11 which states:
§ 10265-11. Agents and inspectors authorized to make arrests, searches and seizures.
The Commission shall issue to all agents and inspectors appointed hereunder a written certificate of appointment under the seal of said Commission, of which judicial notice shall be taken by all courts of this State. Such agents and inspectors are hereby declared to be police officers in enforcing the provisions of this act and in making arrests for violations of this act or in making searches and seizures hereunder, or in serving any protest, notice or order connected with the enforcement of this act by whatever officer or authority of court issued. Provided further, that in any county where it is readily apparent that local law enforcement’ authorities in cooperation with the agents and inspectors provided by the Commission cannot control the illegal sale of alcoholic beverages, said Commission shall request such assistance as it may deem necessary from the Mississippi Highway Safety Patrol and it shall be the duty of the Governor of the State of Mississippi to see that the laws of the State are properly enforced by use of the additional authority as herein provided. The members of the Commission shall not be personally liable to any person on account of any act, neglect or omission of any such agent or inspector.
We hold here as we did in Jol-liff, supra, that the agents, officers and representatives of the Alcoholic Beverage Control Division of the State Tax Commission have no police powers other than those specifically granted by the provisions of the Local Option Alcoholic Beverage Control Law. The legislature did not see fit to grant to them the authority to enforce the gambling laws and although, as argued by the State, it may be desirable and in the public interest that they have such authority, this is a matter for the legislature to decide and not this Court. We are constrained to hold that the trial court was in error in holding that the agent of the Alcoholic Beverage Control Division of the State Tax Commission had the authority to serve the search warrant in question. Since the agent had no lawful authority to serve the search warrant the search made was illegal and appellant’s objection to the evidence obtained as a result of the search should have been sustained. Since there was no evidence to sustain the conviction, except that obtained as a result of the illegal search, the trial court was also in error in refusing to grant appellant’s motion to exclude the evidence on behalf of the state and find him not guilty.
For the reasons stated this case is reversed and appellant discharged.
Reversed and appellant discharged.
GILLESPIE, P. J., and RODGERS, JONES and BRADY, JJ„ concur.