253 So.2d 251 (1971)
Thomas C. BORING, Jr.
v.
STATE of Mississippi.
No. 46399.
Supreme Court of Mississippi.
September 27, 1971.
Rehearing Denied October 25, 1971.
*252 W.S. Moore, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., and Velia Ann Mayer, Special Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Presiding Justice:
The appellant Thomas C. Boring, Jr. was convicted in the Circuit Court of Leflore County, Mississippi, and sentenced to serve a term in the state penitentiary and to pay a fine for the crime of possession of marijuana.
The appellant has appealed to the court and now contends that the trial court committed reversible error in permitting the introduction of evidence with reference to the discovery of marijuana on the premises of the appellant because the search warrant used to gain entrance to the property was obtained and served by a member of the Highway Patrol who, it is contended, had no authority to serve a search warrant, thus rendering the search illegal and the evidence secured thereby inadmissible at the trial. Moreover, it is said the affidavit made by the officer was insufficient to establish probable cause for the issuance of a search warrant.
The record shows that R.L. (Ronnie) White, an inspector for the Mississippi Highway Patrol, appeared before a Justice of the Peace and made an affidavit in which he testified that he had been given information from a reliable person who had previously given other information which proved to be true and correct, and who stated, among other things, that he had seen marijuana in the residence of Thomas Chester Boring, Jr. and that this informer had furnished affiant a sample of the drug.
A search warrant was issued by the Justice of the Peace addressed to any lawful officer of ____ County commanding him to search the premises described in the search warrant. The original and one copy of the search warrant were given to R.L. White, the Highway Patrol inspector. The inspector and members of the local police force of Greenwood, Mississippi, went to the home of appellant, and after they were refused permission to enter the premises, the inspector forcefully pushed his way into the house. The officers discovered marijuana and certain articles used in the preparation and use of marijuana. The marijuana and other articles were seized and and R.L. White made a written return upon the original search warrant attaching an inventory of the seized contraband.
During the search of appellant's home he was arrested and properly warned not to make any statement. Appellant without being questioned voluntarily told the officers "You caught me redhanded" and said, "I am guilty, it's mine." He also said, "There are four pounds there, two different kinds." He later said, "I paid a hundred dollars a pound."
One Mona Citro, a woman, was also arrested at the time of the search; she lived in the house and was present at the time of the search.
The appellant made a motion before the trial to suppress the evidence (under the rule in Henry v. State, 253 Miss. 263, 154 So.2d 289, 174 So.2d 348 (1965)) upon the ground that the search of appellant's home *253 was illegal because there was no probable cause shown for the issuance of the search warrant. It was contended that the statements in the affidavit were insufficient to show probable cause. The trial court heard evidence upon the motion to suppress and overruled the motion. The case was continued and at the next term of court the appellant was tried. The trial court overruled a motion for a directed verdict upon the grounds originally argued in the motion to suppress the evidence. No new grounds were submitted to the trial court.
Upon appeal to this Court the appellant now contends, in addition to his original motion, that the inspector of the Highway Patrol had no authority to obtain and serve a search warrant for marijuana and that, therefore, evidence obtained by the officers was not admissible on the trial.
We do not here consider the last contention because it was not submitted to the trial court and is raised for the first time on appeal.
Objections to evidence must bring to the attention of the trial judge the specific ground on which it is contended such evidence is inadmissible so that the trial judge may determine whether or not such evidence is available to objector's adversary.
The rule requiring specific objections is necessary because to permit litigants to hold back objections until on appeal would mean that costly new trials would be had where valid objections could have been sustained during the trial. Roberds v. State, 187 So. 755 (Miss. 1939); Kimbrall v. State, 178 Miss. 701, 174 So. 47 (1937); Dobbs v. State, 167 Miss. 609, 142 So. 500 (1932); Williams v. State, 171 Miss. 324, 157 So. 717 (1934). This rule has been recognized by the Federal Court in this jurisdiction. Gann v. Smith, D.C., 318 F. Supp. 409 (1970).
In Cox v. State, 146 Miss. 685, 112 So. 479, at 481 (1927) where the affidavit failed to show that affiant "does believe that intoxicating liquor is being stored, etc." the Court said "the affidavit was not objected to on that ground in the court below, and consequently such an objection cannot be here considered."
We have said that where no objection was made in the trial court that a search warrant was not timely served, the objection cannot be raised in this court. Jordan v. State, 147 Miss. 24, 112 So. 590 (1927).
In the case of Conwill v. State, 147 Miss. 118, 120, 112 So. 868, 869 (1927) we said:
"The defendant having made specific objection to the search warrant when offered in evidence, we do not think he is now entitled to raise questions which were not brought up for the decision of the court below."
In another case where the search warrant was not introduced this Court said:
"It is too late to raise these questions. Appellant had full opportunity of raising them in the court below, and failed to do so. He chose on the trial to object alone to the evidence on the specific ground that the affidavit failed to show whose property was to be searched for, not on the ground that the affidavit was not introduced in evidence. Questions will not be decided on appeal which were not presented to the trial court and that court given an opportunity to rule on them. In other words, the trial court cannot be put in error, unless it has had an opportunity of committing error." Boutwell v. State, 165 Miss. 16, 27-28, 143 So. 479, 482 (1932).
The appellant recognized the foregoing rule but contended that this Court should apply the "plain error" rule announced in Wright v. State, 231 So.2d 777 (Miss. 1970). In that case we pointed out that we had previously held in Presley v. State, 229 So.2d 830 (Miss. 1969) that an agent of the Alcoholic Beverage Control Division of the State Tax Commission did not have authority to serve a search warrant issued to search for gambling equipment. We, therefore, *254 applied the "plain error" rule in Wright, supra.
We cannot say there was "plain error" committed by the trial court in the instant case since Section 8082, Mississippi Code 1942 Annotated (Supp. 1970), subsection 9, third paragraph, is in the following language:
"Provided, however, the additional powers herein granted to or vested in the Department of Public Safety or any of its officers or employees by subsection 9 of this section, excepting investigating powers, and those powers of investigators who shall have general police power, being the investigators in the Mississippi Livestock Theft Bureau, the Auto Theft Bureau, and the Identification Division of the Department of Public Safety, shall not be exercised by the Department of Public Safety, or any of its officers or employees, except upon authority and direction of the Governor or Acting Governor, by proclamation duly signed, in the following instances, to wit:"
The Mississippi Legislature has the absolute authority to fix the qualifications of persons authorized to serve process. See cases collected under 72 C.J.S. Process § 27, p. 1027 (1951). We are of the opinion that the Legislature has granted authority to investigators named in the foregoing Code section to serve a search warrant.
We think the two paramount questions presented for our consideration are: (1) whether or not the trial judge should have excluded the evidence obtained by the search, because, the underlying facts and circumstances set forth in the affidavit on which the warrant was issued, did not establish probable cause requiring the issuance of a search warrant; and (2) whether or not the trial court erred in refusing to permit the defendant to continue to ask a codefendant questions with references to the ownership of the articles seized by the officers after the witness had refused to answer such questions upon the ground the answers might tend to incriminate her.
The motion of the defendant, appellant here, to suppress the evidence properly raised the issue as to whether or not the search warrant was legally issued upon probable cause. The objection to the evidence and the motion for a directed verdict were based upon the grounds set forth in the petition to suppress the evidence. The underlying facts set forth in the affidavit were as follows:
"UNDERLYING FACTS AND CIRCUMSTANCES"
"A citizen of Leflore County, Mississippi, who I have known for about one year, who is of high moral character and has given me information in the past that has proven to be true and correct, told me that Thomas Chester Boring Jr. had in his residence, located at 508 MacArthur Avenue, Greenwood, Mississippi, a dangerous narcotic, to wit, marihuana, and a marihuana processing device.
"This same citizen has seen marihuana in the above mentioned residence and has furnished me with a small sample of marihuana taken from the above mentioned residence. This sample was furnished me on January 30, 1970.
"I have personally observed several persons known by me to be marihuana users go to and from this residence.
"I personally know Thomas Chester Boring, Jr. and Mona Citro who also resides at 508 MacArthur Avenue, Greenwood, Mississippi, to be users of marihuana and other drugs."
It is, of course, elementary that an affidavit for a search warrant must be based upon evidentiary facts and that such facts must be of sufficient weight to establish probable cause for the search. It has been pointed out by one text writer that *255 the evidentiary facts must be such as will lead a man of prudence and caution to believe that the offense has been committed but such evidence must not be so meager as to constitute merely the conclusion of the applicant and an invasion of the judicial function of the magistrate. 79 C.J.S. Searches and Seizures § 74, p. 873 (1952):
This Court has said:
"The law does not authorize an officer to make a search on mere information of the informant, but the information must be communicated as a fact within the knowledge of the person communicating the information. In other words, a search warrant is not issued except on information amounting to probable cause, and mere rumor is not sufficient to constitute probable cause." Elardo v. State, 164 Miss. 628, 632-633, 145 So. 615, 616 (1933); followed in Norman v. State, 167 Miss. 690, 146 So. 639 (1933).
The appellant contends that our discussion in Barker v. State, 241 So.2d 355 (Miss. 1970) and Strode v. State, 231 So.2d 779 (Miss. 1970) is controlling in the instant case, and entitles appellant to an acquittal. In Barker, supra, the statement made by the informer was to the effect that he had observed the defendant with marijuana cigarettes two weeks before at another place was not sufficient probable cause to believe marijuana was then kept in the place proposed to be searched.
In Strode v. State this Court, en banc, examined the various federal cases on the question of probable cause and said at page 782:
"Probable cause exists when a police officer has personal knowledge and reasonably trustworthy reports of facts which are sufficient to warrant a reasonably cautious man's believing an offense has been or is being committed. The application for search warrant complies fully with the requirements of decisions of the United States Supreme Court and of this Court." (Citing many cases)
The search warrant issued to the officers in that case was based upon information obtained from an informant who was said to be reliable but whose identity the officers refused to divulge. We also pointed out in Strode that probable cause requires only a showing of probability.
The affidavit in the instant case not only says that the informant had seen marijuana in the residence, or place to be searched, but that the informant had actually furnished the officer a sample of the drugs; moreover, the officer had personally observed known users of marjuana go to and from the place sought to be searched.
The actual known facts plus the surrounding circumstances were such as to lead a reasonably prudent and cautious man to believe that the law was being violated and that contraband was being kept in the residence of the appellant at the time the search warrant was issued.
We are, therefore, of the opinion that the affidavit stated facts sufficient to establish probable cause resulting in the proper issuance of the search warrant here involved. The evidence obtained by the search was properly admitted to the jury on the trial of this case. We believe the facts here presented meet the requirements set forth in O'Bean v. State, 184 So.2d 635 (Miss. 1966), and are in accord with our holding in Strode.
The next point argued by the appellant is based upon an objection he made to the ruling of the trial court in refusing to permit the appellant to ask detailed questions with reference to the articles obtained in the search. Mona Citro, a woman who was in the home of the appellant and present at the time of the search, was arrested and indicted along with the appellant on a charge of possession of marijuana. The appellant offered her as a *256 witness after the State had closed its case, but she refused to testify upon the ground that her testimony might tend to incriminate her. The appellant, however, insisted that he had a right to ask her in detail about each article exhibited and obtained in the search. Apparently, the appellant wanted her to say that if she answered the question as to whether or not she was in possession of each article her answer might tend to incriminate her and that such an answer would tend to be an admission of her guilt and the innocence of the appellant.
It has been pointed out in the federal jurisdictions that the invocation of the Fifth Amendment privilege against self-incrimination does not give rise to an inference of guilt. United States v. Tomaiolo, 249 F.2d 683 (2d Cir.1957); United States ex rel. Belfrage v. Shaughnessy, 212 F.2d 128 (2d Cir.1954); United States v. Atnip, 374 F.2d 720 (7th Cir.1967).
We are of the opinion that the trial court was correct in refusing to require the witness to answer questions in detail before the jury about the circumstances surrounding the alleged crime for which she was under indictment. After the witness had claimed her privilege to remain silent it was the duty of the trial court to protect the witness against any further effort to require her to incriminate herself by her own testimony. Hutchins v. State, 212 Miss. 145, 54 So.2d 210 (1951). Compare Holman v. State, 72 Miss. 108, 16 So. 294 (1894).
From the foregoing authorities we have reached the conclusion that there is no reversible error shown in the record of this case and for that reason the judgment of the trial court must be affirmed.
Affirmed.
JONES, BRADY, SMITH and SUGG, JJ., concur.