300 So.2d 135 (1974)
Dr. Thomas Chester BORING, Jr.
v.
MISSISSIPPI STATE BOARD OF DENTAL EXAMINERS.
No. 47691.
Supreme Court of Mississippi.
September 9, 1974.
Lott, Sanders, Gwin & Franklin, Greenwood, for appellant.
A.F. Summer, Atty. Gen. by R. Hugo Newcomb, Sr., Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Presiding Justice.
Dr. Thomas Chester Boring, Jr. was convicted in the Circuit Court of Leflore *136 County, Mississippi, for the crime of possessing marijuana. He was sentenced to serve a term in the state penitentiary. He appealed to the Mississippi Supreme Court, and his conviction was affirmed by this Court in September, 1971. See Boring v. State, 253 So.2d 251 (Miss. 1971).
After the judgment of this Court in Boring v. State, supra, this Court decided in Johnson v. State, 260 So.2d 436 (Miss. 1972) that there was a conflict in the law as then written with reference to the penalties imposed under Schedule I of the act. This opinion was dated March, 1972. We held that the crime of possession of controlled substances under Section I was a misdemeanor rather than a felony. In Holland v. State, 263 So.2d 566 (Miss. 1972) in June of 1972, we held that the possession of marijuana under that section was a misdemeanor. We remanded the case for the purpose of resentencing the defendant.
Thereafter, in May, 1972, the Legislature enacted Ch. 520, § 7, [1972] Miss.Gen. Laws 798, at 807 [now Mississippi Code Annotated Section 41-29-139 (Supp. 1973)]. The pertinent parts of Section 41-29-139 are as follows:
"(a) Except as authorized by this article, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.
* * * * * *
(d) It is unlawful for any person knowingly or intentionally to possess any controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this article. Any person who violates this subsection with respect to:
(1) A controlled substance classified in Schedules I or II as set out in sections 41-29-113 and 41-29-115, except marihuana, is guilty of a felony and upon conviction may be imprisoned for not more than three (3) years, or fined not more than three thousand dollars ($3,000.00), or both;
(2) (A) One (1) ounce or less of marihuana upon conviction may be confined for not more than one (1) year in the county jail or fined not more than one thousand dollars ($1,000.00), or both.
(B) More than one (1) ounce of marihuana, upon conviction may be fined not more than one thousand dollars ($1,000.00), or confined in the county jail for not more than one (1) year, or both; or fined not more than three thousand dollars ($3,000.00), or imprisoned in the state penitentiary for not more than three (3) years, or both."
At the same time, the Legislature enacted Section 41-29-149, Mississippi Code Annotated (Supp. 1973), the pertinent parts of which are as follows:
"(c) Any person who was convicted and/or who is still serving a sentence in the Mississippi State Penitentiary for a first offense under any prior law superseded by this article may petition the court of original jurisdiction for resentencing under the provisions of this article."
Dr. Thomas C. Boring is a practicing dentist in the City of Greenwood, Mississippi, and is, of course, subject to the laws with reference to his profession. He is also subject to the control of the Mississippi State Board of Dental Examiners [Mississippi Code Annotated Section 73-9-13 (1972)]. The Board has authority to revoke the license of a dentist as shown by the pertinent parts of Mississippi Code Annotated Section 73-9-61 (1972):
"Upon satisfactory proof, and in accordance with statutory provisions elsewhere set out for such hearings and protecting the rights of accused as well as the public, the state board of dental examiners may revoke or suspend the license *137 of any licensed dentist or dental hygienist practicing in the State of Mississippi for any of the following reasons:
* * * * * *
(f) Being guilty of an infamous crime under laws of a state or federal government. Conviction in a state or federal court shall constitute prima facie evidence of such guilt for the purposes of the board."
The procedure to revoke the license of a dentist is set out under Mississippi Code Annotated Section 73-9-63 (1972) as follows:
"Any accusation may be filed with the secretary of the board charging any licensed dentist or dental hygienist with the commission of any of the offenses enumerated in the preceding section. Such accusation shall be in writing, signed by the accuser, or accusers, and verified under oath. Whenever the accusation is filed, the secretary of the board shall set a day for a hearing, and shall transmit to the accused a true copy of all papers filed with him, relating to such accusation, and shall notify the accused that on the day fixed for hearing he may appear and show cause if any why his or her license to practice dentistry or dental hygiene in the state should not be revoked, and for the purpose of such hearings the board is hereby empowered to require the attendance of witnesses, administer oaths and hear testimony, either oral or documentary, for and against the accused, and if after such hearing, the board shall be satisfied that the accused has been guilty of the offense charged in the accusation, it shall thereupon, without further notice, revoke the license of the person so accused."
The foregoing background brings us to the facts in this case. After the circuit court found the doctor guilty of a felony in November, 1970, the State Board of Dental Examiners gave Dr. Boring notice of a hearing to be held December 13, 1970, to which was attached a copy of the indictment charging him with possession of marijuana and a copy of the excerpts of the minutes of the court showing his conviction and sentence. The hearing was continued at the request of Dr. Boring to January 15, 1971. The respondent did not appear at the January hearing, and the Board proceeded to take evidence. The only evidence offered, however, was the indictment and record of this conviction. There was no written affidavit of accusation signed by an accuser filed with the Board other than the indictment and judgment of the trial court. After deliberation, the Board found that Dr. Boring had violated Section 8773(f), Mississippi Code 1942 Annotated (Supp. 1972) [now Mississippi Code Annotated Section 73-9-61(f) (1972)], above set out.
The appellant promptly appealed to the Chancery Court of Leflore County, Mississippi [Mississippi Code Annotated Section 73-9-65 (1972)].
On November 3, 1971, the chancellor entered an order affirming the order of the Mississippi State Board of Dental Examiners revoking the license of Dr. Boring.
Thereafter, on July 26, 1972, Dr. Boring filed a request for a rehearing with the chancery court, in which he alleged that his original penitentiary sentence had been reduced by an order of the circuit court resentencing the petitioner for a misdemeanor instead of a felony, and since he was not guilty of an "infamous crime", he was entitled to have his license restored.
The chancellor entered a second order reaffirming the order of the Dental Board revoking the license of the petitioner for the reasons, among others, that the defendant was charged with having in his possession four (4) pounds of marijuana; and since the new law [Mississippi Code 1942 Annotated Section 6831-70(d)2(b) (Supp. 1972); now Mississippi Code Annotated Section 41-29-139(d)(2)(b) (Supp. 1973)] made the crime of the possession of more *138 than one (1) ounce of marijuana a felony, the defendant was in fact guilty of a felony. The chancellor doubted that the circuit judge had authority to reduce the sentence of Dr. Boring.
The chancellor pointed out that this Court had affirmed several cases and remanded them for resentencing, where the case was tried before the enactment of the Uniform Controlled Substances Act of 1971, which materially reduced the penalty imposed on first offenders.
The chancellor did not apparently consider Johnson v. State, 260 So.2d 436 (Miss. 1972), wherein we held that the crime of possessing controlled substances under Schedule I (LSD), as originally written, was a misdemeanor. The Legislature changed Section 6831-70, Mississippi Code 1942 Annotated (Supp. 1972) [now Mississippi Code Annotated Section 41-29-139 (1972)] by Ch. 520, § 7, [1972] Miss.Gen. Laws 798, at 807, in May, 1972.
After Boring v. State, 253 So.2d 251 (Miss. 1971) was tried in 1971, and before the law was changed in May, 1972, we held that the law as then written made the penalty for the crime of having controlled substances under Schedule I to be a misdemeanor.
The fact that the Legislature changed the penalty in May, 1972, so as to again make it a felony for one to have in his possession more than one (1) ounce of marijuana, did not take effect until after its enactment and did not result in making the crime, for which the defendant was previously tried, a felony.
Therefore, since the circuit court in compliance with Mississippi Code Annotated Section 41-29-149(d) (Supp. 1973) reduced the penalty to a misdemeanor to accord with Holland v. State, 263 So.2d 566 (Miss. 1972), the chancellor should have ordered the Mississippi Board of Dental Examiners to reinstate the license of Dr. Boring to practice dentistry.
There is another reason why this Court is required to reverse the trial court and set aside the order of the Mississippi Board of Dental Examiners in this case Section 73-9-61, Mississippi Code Annotated (1972), gives the Board authority to revoke the license of a practicing dentist for unprofessional conduct "[U]pon satisfactory proof, and in accordance with statutory provisions elsewhere set out for such hearings and protecting the rights of accused as well as the public, * * *." [Miss. Code Ann. § 73-9-61 (1972)].
Mississippi Code Annotated Section 73-9-63 (1972) [above set out] provides the method and procedure required to be followed in order to carry out the authority given the Board to revoke the license of a dentist. This section requires that a verified written accusation be filed with the Board setting out which offense enumerated in Section 73-9-61 [above set out] the dentist is accused of violating. Moreover, a copy of the accusation is required to be given the respondent. Mississippi Code Annotated Section 73-9-65 (1972) emphatically states: "No action to revoke a license shall be taken until the accused has been furnished a statement of the charges against him and a notice of the time and place of hearing thereof."
The record reflects that the only documents filed with the Dental Board were (1) a copy of the indictment against accused Boring, (2) a copy of the circuit court minutes with reference to his sentence in the trial court, and (3) a copy of the notice of hearing served upon accused.
This Court has held that statutes permitting revocation of licenses are penal in nature and must be strictly construed against a governmental body attempting to enforce such penalty. See Mississippi Milk Commission v. Winn-Dixie Louisiana, Inc., 235 So.2d 684 (Miss. 1970); Mississippi Insurance Commission v. Savery, 204 So.2d 278 (Miss. 1967); Mississippi State Board of Dental Examiners v. Mandell, 198 Miss. 49, 21 So.2d 405 (1945).
*139 In Mandell this Court said:
"This statute does not seem to have been construed by us in any similar proceeding, but in State ex rel. Jordan v. Pattishall et al., 99 Fla. 296, 126 So. 147, such statutes as are being considered by us in this connection are held to be penal in their nature and to be strictly construed; and the California Court of Appeals has held that a proceeding under such statutes for the revocation of a license to practice dentistry are in the nature of a criminal trial in which all intendments are in favor of the accused. Messner v. Board of Dental Examiners of California et al., 87 Cal. App. 199, 262 P. 58." 198 Miss. at 64, 21 So.2d at 409.
If the procedure to revoke the license of a dentist is in the nature of a criminal trial in which "all intendments are in favor of the accused," an affidavit must be filed with the Board setting out the charge against the accused before the Board may proceed to give notice or to have a hearing.
The statutory procedure in justice of the peace courts of this state requires that an affidavit be lodged with the justice of the peace before he has jurisdiction to proceed in a criminal case.
Mississippi Code Annotated Section 99-33-3 (1972) is in the following language:
"On affidavit of the commission of any crime of which he has jurisdiction lodged with a justice of the peace, he shall issue a warrant for the arrest of the offender returnable forthwith or on a certain day to be named, and shall issue subpoenas for witnesses as in civil cases, and shall try and dispose of the case according to law; and, on conviction, shall order such punishment to be inflicted as the law provides; provided, however, that no fine imposed shall be in an amount less than ten dollars ($10.00)."
There are many cases collected under this section holding that a justice of the peace has no jurisdiction of a criminal case until an affidavit is filed with the justice of the peace. These cases began as early as 1882 in Bigham v. State, 59 Miss. 529 (1882), and uniformly followed the rule to 1963 in Henry v. State, 253 Miss. 263, 154 So.2d 289 (Miss. 1963).
The Mississippi Constitution 1890 requires that the grand jury present an indictment in all felony cases [Article 3, Section 27, Miss.Const. 1890] and Mississippi Code Annotated Section 99-7-9 (1972) requires that the indictment be "filed" by the circuit clerk.
We are, therefore, driven to the conclusion that since there was no formal charge filed against Dr. Boring with the Mississippi Board of Dental Examiners as required by Mississippi Code Annotated Section 73-9-63 (1972), the Board had no authority to give notice, hold a hearing, and revoke the license of Dr. Boring. The order of the Board was void.
We therefore set aside the order of the Board and reverse the decree of the chancery court so as to reinstate the license of Dr. Boring to practice dentistry.
Reversed and rendered.
SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.